ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, JR., ESQ.
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagatna, Guam 96910
Telephone:  (671) 477-9731/33
Telecopier:  (671) 477-9734

Counsel for Plaintiffs LOUIS VUITTON
MALLETIER, CHANEL, INC. and
PRADA, S.A.

F I L E D
DISTRICT COURT OF GUAM
MAY - 5 2003
MARY L. M. MORAN
CLERK OF COURT



UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| LOUIS VUITTON MALLETIER and CHANEL, INC., and PRADA, S.A.,<br><br>Plaintiffs,<br><br>vs.<br><br>VENDOR DOE I, aka U.S.A. T-SHIRTS AND GIFT ITEMS, VENDOR DOE II, aka SU KIM, VENDOR DOE III, and DOES I THROUGH XX,<br><br>Defendants. | CIVIL CASE NO. 03-00013<br><br>**DECLARATION OF ANITA P. ARRIOLA IN SUPPORT OF PLAINTIFFS' VERIFIED COMPLAINT AND PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION, ORDER SEALING FILE AND ORDER ACCELERATING DISCOVERY** |

I, **ANITA P. ARRIOLA**, being duly sworn, declare and state as follows:

1. I am counsel for plaintiff in the above-captioned matter. I file this Declaration in support of Plaintiffs' Ex Parte Application for Temporary Restraining Order, Seizure Order, Order to Show Cause for a Preliminary Injunction, Order Sealing File and Order Accelerating Discovery. I have personal knowledge of the facts contained herein.

2. I am not aware of the names of the attorneys of the defendants in this action and, accordingly, have not notified any attorneys of this ex parte application.

-1-

3. As required by 15 U.S.C. § 1116, I have given notice of this application for an ex parte order to the United States Attorney for the District of Guam by letter dated May 1, 2003. A true and correct copy of this notice is attached hereto as Exhibit A.

4. To the best of my knowledge, no prior application by plaintiffs for similar relief against the defendants herein has been made.

5. I have attempted to determine the true identity of the defendants engaged in selling counterfeit merchandise in this case. I have been informed by representatives at the Guam Department of Revenue & Taxation that they are unable to locate a business name or business license for the company or individuals selling items at the Pacific Plaza building in Upper Tumon, across from Burger King, or the unnamed store behind ABC Store in Tumon across the street from the Hyatt Hotel. Accordingly, they are sued as VENDOR I aka U.S.A. T-Shirts and Gift Items (the name of the store given to Mr. Hajime Mitsuoka) and VENDOR DOE III.

6. I have also attempted to determine the identity of the sidewalk vendor at Plaza de Espana in Hagatna. According to a representative from the Vendor Permits section of the Department of Parks and Recreation, there were only two permits given for this park. The only permit for sale of merchandise was given to Su Kim. Accordingly, she is sued as VENDOR DOE II aka Su Kim. On April 30, 2003, I was informed that Ms. Kim is no longer selling items at the Plaza de Espana park but is now selling items at Fort Apugan park.

7. My experience in prior infringement actions on behalf of trademark owners shows that where the defendants are selling, manufacturing or distributing counterfeit goods, the normal practice of giving notice to defendants of a plaintiff's desire to move for a temporary restraining order or seizure order is ineffective and results in the disappearance or destruction of the counterfeit goods.

Once notice is given, the defendants are able to move the counterfeit goods to hidden locations, or back into the distribution chain, so that by the time a temporary restraining order or seizure order is issued, the need for it has been defeated.

8. This experience is consistent with the findings in various cases, as cited in plaintiff's Memorandum of Points and Authorities. In <u>In the Matter of Vuitton et Fils</u>, 606 F.2d 1 (2nd. Cir. 1979), the court cited similar examples of reasons why notice should not be given in seeking temporary restraining orders where counterfeit goods are involved.

9. In cases involving counterfeit goods, it is therefore necessary that the Court issue an ex parte seizure order directing the U.S. Marshal or other peace officer to seize and preserve the counterfeit goods and other evidence without prior notice to the defendants.

10. The experience of plaintiffs in other actions in this district illustrate the ineffectiveness of a temporary restraining order alone in preventing further distribution of the counterfeit merchandise in the hands of a defendant. For example, in <u>Hunting World Incorporated v. City Hill Co. (Guam) Ltd., et al</u>, CV93-00053; and <u>Hunting World Incorporated v. Jimar's Investment Co.</u>, CV92-00050 (D.Guam) the plaintiffs obtained both ex parte restraining orders and seizure orders in order to prevent destruction or transfer of the counterfeit goods.

11. Thus, in many cases, even a temporary restraining order served upon a defendant is insufficient, since the defendants were found to be willfully violating the restraining order and the plaintiff had no way of proving the contempt. <u>See, e.g.</u>, <u>Vuitton v. White</u>, 945 F.2d 569, 575 (3d Cir. 1991). To respond to this, many courts have granted temporary restraining orders with seizure provisions, allowing the United States Marshal or other peace officers to enter the premises of the defendant and seize and sequester the counterfeit goods of the defendant without advance notice.

-3-

Case 1:03-cv-00013   Document 4   Filed 05/05/2003   Page 3 of 7

12. Accordingly, I believe that where counterfeit goods are involved, it is likely that the defendants will violate any restraining order by destroying, removing or selling the infringing goods. It is therefore necessary for the court to grant a temporary restraining order without notice with an accompanying seizure order, allowing the United States Marshal or other peace officer to enter the premises of the defendant and seize and preserve the evidence regarding the counterfeit goods.

13. I identify and request that the court take judicial notice of the many temporary restraining orders with seizure provisions granted throughout the country. In this court, similar orders were granted in Reebok v. CHC, Inc., et al., CV88-00030 (D.Guam) (Order dated June 17, 1988); Chanel v. Baro's French Enterprise, et al., CV89-0048 (D.Guam) (Order dated August 30, 1989); Louis Vuitton v. Jimar's Investment Co., et al., CV89-00059 (D.Guam) (Order dated October 27, 1989) ; Louis Vuitton v. Marina Pizarro, CV89-00060 (D.Guam) (Order dated October 27, 1989); Louis Vuitton v. Ok Cha Sun, et al., CV89-00061 (D.Guam) (Order dated October 27, 1989); Hunting World Incorporated v. Jimar's Investment Co., CV92-00050 (D.Guam) (Order dated August 17, 1992); Hunting World Incorporated v. City Hill Co. (Guam) Ltd., et al, CV93-00053 (Order dated August 27, 1993); Louis Vuitton Malletier and Chanel, Inc. v. Suzie H.C. Yim, et al., Civil Case No. 00-00069 (D. Guam) (Order dated December 19, 2000); Louis Vuitton Malletier v. Salgado, Civil Case No. 03-00001 (D. Guam) (Orders dated January 8, 2003 and January 22, 2003). In the neighboring District of the CNMI, the court issued similar orders in Reebok v. K&J Trading, Inc., et al., CV91-00020 (D.CNMI) and in Chanel, Inc. v. Julieum Enterprises, et al., CV89-00012 (D.CNMI).

Similar ex parte orders were granted in many other cases filed through the country, some of which are cited in plaintiffs' Memorandum of Points and Authorities.

14. It is my personal experience that those in the business of counterfeiting and distributing illegal and illicit products maintain few, if any, business records. More often than not, when confronted, counterfeiters profess ignorance at what they have done, state they transact business in cash only, allege they give no receipts or invoices and have no records of any of the parties with whom they have conducted their illegal affairs. Notwithstanding protestations to the contrary, periodically armed with an appropriate order of seizure, which order must extend to the books and records of defendants, we have been able to acquire information leading up the distribution chain to others engaged in the same sort of illicit activities on a broader scale. If such books and records are not seized and copied, they undoubtedly will be destroyed.

15. It is common that newspaper reporters will observe the list of cases filed and sometimes print the information or contact the defendant. In view of this, I believe that this court should seal the record of this action in order to give the U.S. Marshal or other law enforcement officer the opportunity to enforce the seizure order and serve the temporary restraining order. In other actions, filed in similar situations, this Court has granted an order temporarily sealing the file of the action. Reebok v. CHC, Inc., et al., CV88-00030 (D.Guam); Chanel v. Baro's French Enterprise, et al., CV89-0048 (D.Guam); Hunting World Incorporated v. Jimar's Investment Co., CV92-00050 (D.Guam); Hunting World Incorporated v. City Hill Co. (Guam) Ltd., et al, CV93-00053; Louis Vuitton Malletier and Chanel, Inc. v. Suzie H.C. Yim, et al., Civil Case No. 00-00069 (D. Guam).

16. Plaintiffs have not publicized this action.

17. An order accelerating discovery is also vital in this case. Although a seizure order will allow the seizure and impoundment of the counterfeit goods and related business records,

plaintiff will need to inspect and copy the business records in particular. If discovery and inspection of records are not commenced immediately, defendants' business records will likely disappear and defendants' recollections of the identities of their suppliers and customers will fade entirely. Plaintiffs also wish to take the deposition of the defendants on shortened time prior to the hearing on the order regarding the issuance of a preliminary injunction.

18. Plaintiffs are prepared to post $2,500.00 as a security bond for issuance of the temporary restraining and seizure order.

I declare under penalty of perjury under the laws of the United States and the territory of Guam that the foregoing is true and correct.

Executed this 5th day of May, 2003 in Hagatna, Guam.

_____
ANITA P. ARRIOLA

LAW OFFICES

*Arriola, Cowan & Arriola*

JOAQUIN C. ARRIOLA
MARK E. COWAN
ANITA P. ARRIOLA
JOAQUIN C. ARRIOLA, JR.
—
JACQUELINE T. TERLAJE

259 MARTYR STREET, SUITE 201
C & A BUILDING
HAGÅTÑA, GUAM 96910

MAILING ADDRESS:
P. O. BOX X
HAGÅTÑA, GUAM 96932
TELEPHONE:
(671) 477-9730/3
TELECOPIER:
(671) 477-9734
E-MAIL:
acalaw@ite.net

COPY

U.S. ATTORNEY'S OFFICE
DISTRICTS OF GUAM
May 0 1 2003
RECEIVED

May 1, 2003

**CONFIDENTIAL - VIA HAND DELIVERY**

Karon Johnson, Esq.
United States Attorney
Office of the United States Attorney
108 Hernan Cortes Avenue, Suite 500
Hagåtña, Guam 96910

      Re:    LOUIS VUITTON MALLETIER, et al. vs. VENDOR DOE I aka U.S.A. T-Shirts and Gift Items, et al.

Dear Ms. Johnson:

    This firm has been retained by Louis Vuitton Malletier, Chanel Inc. and Prada, S.A. manufacturers of the signature and distinctive brands of luggage, purses, bags, accessories, jewelry and other items bearing the LOUIS VUITTON, CHANEL and PRADA trademarks, to protect their trademarks in this district. It is our intention to bring suit against certain entities and individuals who are selling, or offering for sale, counterfeit LOUIS VUITTON, CHANEL and PRADA goods in the near future.

    The prospective defendants are VENDOR DOE I aka U.S.A. T-Shirts and Gift Items; VENDOR DOE II aka Su Kim, and VENDOR DOE III, operating an unnamed store behind ABC Store in Tumon and any related individuals or companies, along with their officers and directors.

    As you know, under the Trademark Counterfeiting Act of 1984, we are required to give notice to the United States Attorney of our intent to seek an ex parte seizure order under amendments to the Lanham Act by that legislation. If we do not receive word from your office of objections to our intent to request for such relief we will deem that your office has no objections. Should you have any questions or concerns, do not hesitate to contact me.

                                                Very truly yours,

                                               ANITA P. ARRIOLA

cc:    U. S. Customs Service

