ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, JR., ESQ.
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagatna, Guam 96910
Telephone:    (671) 477-9731/33
Telecopier:   (671) 477-9734

Counsel for Plaintiffs LOUIS VUITTON
MALLETIER, CHANEL, INC. and
PRADA, S.A.

F I L E D
DISTRICT COURT OF GUAM

MAY - 5 2003

MARY L. M. MORAN
CLERK OF COURT



UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| LOUIS VUITTON MALLETIER and CHANEL, INC., and PRADA, S.A.<br><br>Plaintiffs,<br><br>vs.<br><br>VENDOR DOE I, aka U.S.A. T-SHIRTS AND GIFT ITEMS, VENDOR DOE II, aka SU KIM, VENDOR DOE III, and DOES I THROUGH XX,<br><br>Defendants. | CIVIL CASE NO. **03-00013**<br><br>**DECLARATION OF PATRICIA D. UNTALAN IN SUPPORT OF PLAINTIFFS' VERIFIED COMPLAINT AND PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION, ORDER SEALING FILE AND ORDER ACCELERATING DISCOVERY** |

**PATRICIA D. UNTALAN**, being duly sworn, declares and states as follows:

1.      I am employed as the Regional Boutique Director for Chanel (Guam), Inc.  The primary offices for Chanel (Guam), Inc. ("Chanel") on Guam are located at the Tumon Sands Plaza, San Vitores Road, Tumon, Guam. I have been employed by Chanel for eight (8) years and make this declaration in support of Plaintiffs' Verified Complaint and Plaintiffs' Motion for Temporary Restraining Order, Seizure Order, Order to Show Cause for Preliminary Injunction, Order Sealing File and Order Accelerating Discovery.  I have personal knowledge of the facts contained herein.

-1-

**ORIGINAL**

If called as a witness I could testify as to the facts contained herein.

2.     Chanel has its principal place of business in Paris, France.  Chanel merchandise is manufactured in France and Italy.  Chanel has been an independent company beginning with the forming of "Les Parfums Chanel" in 1924.  It is a prestigious firm who has always been acknowledged as a Number One Fashion House providing the utmost luxury, originality and quality to its customers through its products.  The products of Chanel are renowned for their unique craftsmanship and the highest standards of quality.  Chanel produces a variety of products including: women's clothing; handbags; luggage; small leather goods such as wallets, agendas, keycases, cigarette cases, coin holders, and cosmetic purses; watches, fine jewelry and costume jewelry including earrings, brooches, necklaces, bracelets, rings, and anklets; fragrances and beauty products such as skin care and cosmetics;  shoes; scarves; ties; sunglasses; hats and gloves.  Chanel currently does not produce a line of "t-shirts,".

3. As Regional Boutique Director, I am responsible for training over 45 employees who work at the Chanel boutiques located at the Tumon Sands Plaza, Tumon Bay Duty Free Shoppers Galleria, and Saipan Duty Free Shoppers.  This training of employees includes identification of all genuine Chanel merchandise, production, and materials. Since entering the company until the present, I have been trained to identify thousands of genuine "Chanel" products.  I have received extensive training on the job in Guam and in Paris in the identification of genuine Chanel merchandise including training on raw materials, production and manufacturing, as well as quality assurance at the Chanel factories.  I also provided training to customs law enforcement officers on Guam for the detection of counterfeit Chanel merchandise.  This included training on the packaging standards used by Chanel, as well as the merchandise description, identification and production standards.

-2-

This also included training law enforcement on the identification of workmanship and materials used in genuine and counterfeit Chanel merchandise. I have researched and investigated many cases of Chanel counterfeit merchandise. I am familiar with genuine Chanel merchandise.

4.     During my employment at Chanel, I have therefore come to be very familiar with the design of the products of the "Chanel" line including without limitation, "Chanel" bags, wallets, briefcases, keycases, belts, and leather and leather-trimmed accessories, as well as jewelry items and accessories, such as bracelets and earrings. I am also very familiar with the "Chanel" trademarks, which have become widely known and recognized throughout the world.

5.     I have examined three items bearing the Chanel name, design or logo provided to me by attorney Anita P. Arriola. They are a keyholder, a bracelet and a necklace.

6.     A photograph of the counterfeit keyholder is attached hereto as Exhibit 1. I am informed that they keyholder was purchased at an outdoor sidewalk vendor in Hagatna. I have examined the keyholder marked with the ⬚ logo and the words "31 Rue Cambon Paris Chanel" and based upon my training, knowledge and experience, in my opinion it is a counterfeit product not manufactured on behalf of Chanel for the following reasons:

a.     Chanel does not manufacture any such type of keyholder as is depicted in Exhibit 1.

b.     The year and season is generally imprinted on the back of the genuine Chanel keyholder, and they are not imprinted on the back of the counterfeit keyholder.

c.     The genuine keyholder is always boxed with a protective sponge covering, in a black Chanel box which indicates the style number and season on the box; the counterfeit keyholder was not packaged in the same way.

-3-

7. Attached hereto as Exhibit 2 is a true and correct copy of a photograph of a counterfeit Chanel bracelet. I am informed that this bracelet was purchased at a store known as USA T-Shirts and Gift Store in Upper Tumon. I have examined the bracelet marked with the Chanel name or trademark and based upon my training, knowledge and experience, in my opinion it is a counterfeit product not manufactured on behalf of Chanel for the following reasons:

a. Chanel does manufacture a similar rubber bracelet such as is depicted in Exhibit 2, but the genuine item is not manufactured in blue, as is the counterfeit item, and the clovers in the counterfeit item are different. The back of the counterfeit bracelet's clasp does not indicate the date or the season of the style of bracelet. The back is also supposed to say Chanel, but on the counterfeit item it is unclear what letters are imprinted on the clasp. The genuine Chanel bracelet is packaged in a long rectangle black box with vinyl in it with the protective sponge covering, while the counterfeit one is not packaged at all.

8. A photograph of a counterfeit Chanel necklace is attached hereto as Exhibit 3. I am informed that the necklace was purchased at an unmarked store located behind ABC Store in Tumon across from the Guam Hyatt Regency Hotel. I have examined the counterfeit necklace marked with the ⚭ logo and the words "Chanel 31 Rue Cambon Paris" and based upon my training, knowledge and experience, in my opinion it is a counterfeit product not manufactured on behalf of Chanel for the following reasons:

a. Chanel does not manufacture any such necklace as depicted in Exhibit 3. Chanel does not use real gold in its costume jewelry line and the necklace chain states that it is 18 karats. The pendant is also not manufactured by Chanel. The ⚭ mark is incorrect, not spaced appropriately, and the words are crooked. Genuine Chanel custom jewelry is normally packaged in

-4-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

a square black box with felt sponge covering, and the date, season, and style number are on the box.

9.      On information and belief, all of above-mentioned merchandise were purchased from retail establishments located in Guam, identified as USA T-Shirts and Gift Store, an unmarked house located behind ABC Store in Tumon across from Guam Hyatt Regency Hotel, and an outdoor sidewalk vendor at the Plaza de Espana in Hagatna, all named defendants in the above-captioned case. These vendors are not authorized dealers of Chanel products on Guam.

10.     All of the items depicted in Exhibits 1, 2 and 3 that were purchased at the two stores and outdoor vendor prominently display counterfeit copies of the Chanel name, trademark and logo. The trademarks are identical or substantially similar to those used on genuine Chanel products. However, the quality of these counterfeit products is inferior to the quality of genuine Chanel goods.

11.     Chanel vigorously pursues counterfeit goods as soon as it discovers them and has instituted suit where necessary to bring a prompt end to these unlawful and deceptive practices. The unauthorized manufacture, distribution, exportation, importation, and sale of counterfeit Chanel merchandise causes confusion and deceives the consuming public as to the true source of such merchandise. Because the counterfeit items bear copies of Chanel's name, logo and trademark, I believe that customers would purchase the items in the belief that they are genuine products of Chanel, which they are not.

12.     Defendants' actions will cause substantial and irreparable damage and injury to Chanel and, in particular, to the valuable goodwill and reputation symbolized by the Chanel trademarks. Unless the court enjoins defendants, they will continue to cause Chanel substantial and irreparable damage and injury. Further, defendants' manufacture, distribution, exportation, importation and sale of counterfeit or infringing Chanel merchandise will cause substantial injury

-5-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

to Chanel's reputation and cause substantial sales of Chanel's authentic products to be lost or diverted to defendants, in an amount impossible to calculate with any certainty at the present time.

13.    Based on my training and experience, I am aware that it is a common practice of individuals and businesses involved in the trafficking of counterfeit merchandise to maintain and keep the following types of documentary evidence and other items in their place of business:

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

A)    Books, records, receipts, notes, ledgers, correspondence and other papers related to the importation and trafficking of goods containing counterfeit marks.

B)    Records, books, and papers reflecting names, addresses, telephone numbers, and other contact and identification data relating to the importation of and trafficking in goods containing counterfeit marks, including records such as telephone and address listings of suppliers and customers.

C)    Cash and currency that can be directly traced as proceeds of the sale of items containing counterfeit marks.

D)    Records relating to or reflecting income, expenditures, and wealth obtained through trafficking in goods containing counterfeit marks, including without limitation, money orders, wire transfers, cashier's check receipts, bank statements, passbooks, checkbooks, and check registers.

E)    Items of personal property or documents which tend to identify the person(s) using, occupying, controlling, or owning the premises, including but not limited to electronic or digital records, personal computer, hard disk drives, diskettes, CD-Roms, opened mail, leases, rental agreements, photographs, telephone books, diaries, utility and telephone bills, statements, identification documents, and keys.

-6-

14. All of the foregoing documents are necessary, important, and material in determining the extent of the defendants' sales of counterfeit Chanel products, as well as in determining the suppliers, manufacturers, exporters, importers and other retailers of counterfeit Chanel products.

I declare under penalty of perjury under the laws of the United States and the laws of Guam that the foregoing is true and correct.

Dated: 4/30/03

PATRICIA D. UNTALAN

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910









EXHIBIT

**2**

PENGAD 800-631-6989



