ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, JR., ESQ.
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagatna, Guam 96910
Telephone: (671) 477-9730/33
Telecopier: (671) 477-9734

Counsel for Plaintiffs LOUIS VUITTON
MALLETIER, CHANEL, INC. and
PRADA, S.A.

FILED
DISTRICT COURT OF GUAM
JUN 23 2003
MARY L. M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| LOUIS VUITTON MALLETIER and CHANEL, INC., and PRADA, S.A.,<br><br>Plaintiffs,<br><br>vs.<br><br>HANA TRADE CORPORATION dba HONOLULU GIFT SHOP aka U.S.A. T-SHIRTS AND GIFT ITEMS, VENDOR DOE II aka SU KIM, VENDOR DOE III, KIM CHOL KUN dba ANGELUS, VENDOR DOE IV aka LISA'S, VENDOR DOE V aka FASHION CITY, VENDOR DOE VI aka CORALYN'S VARIETIES, VENDOR DOE VII and DOES I THROUGH XX,<br><br>Defendants. | CIVIL CASE NO. 03-00013<br><br>**VERIFIED FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK COUNTERFEITING, FALSE DESIGNATION OF ORIGIN, PERMANENT INJUNCTION, AND DAMAGES** |

### Jurisdiction and Venue

1. This is a complaint for trademark and trade dress infringement, trademark counterfeiting, false designation of origin and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (hereinafter the "Lanham Act"), as amended by the Trademark

Counterfeiting Act of 1984, Public Law 98-473 (hereinafter the "Counterfeiting Act"). This Court has exclusive jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a) and 1338(b); 15 U.S.C. §§ 1114, 1116, 1121 and 1125; and 48 U.S.C. § 1424.

2. Venue properly lies in this District pursuant to 28 U.S.C. § 1391(b) and 1391(c) because defendants are doing business in this District and because the unlawful acts of all defendants have occurred and continue to occur in this District.

### The Parties

3. Plaintiff LOUIS VUITTON MALLETIER ("LOUIS VUITTON") is a France corporation, having its principal place of business at 2, Rue du Pont-Neuf, 75001 Paris, France. LOUIS VUITTON has an affiliated office in Guam at Pacific Place, Level 3, Suite 302, 1411 Pale San Vitores Road, Tumon, Guam.

4. Plaintiff CHANEL, INC. ("CHANEL") is a New York corporation, having its principal place of business at 9 West 57th Street, New York, New York. Plaintiff CHANEL has an affiliated office in Guam at the Tumon Sands Plaza, Tumon, Guam.

5. Plaintiff PRADA, S.A. ("PRADA") is a Luxembourg corporation, having its principal place of business at 23 Rue Aldringen, L1118 Luxembourg. Plaintiff PRADA has an affiliated office in Guam known as TRS Guam, dba PRADA, located at Units 115 and 118, Ixora Industrial Park, 215 Rojas Street, Harmon, Guam 96913.

6. Upon information and belief, Defendant HANA TRADE CORPORATION dba HONOLULU GIFT SHOP aka USA T-SHIRTS AND GIFT ITEMS is a Guam business with its principal place of business located on the corner of Marine Drive and Old San Vitores Road, in Upper Tumon, Guam (across the street from Burger King).

7. Upon information and belief, Defendant VENDOR DOE II, aka SU KIM, is a sole proprietorship with its principal business as a sidewalk vendor located at the Plaza de Espana, in Hagatna, Guam.

8. Upon information and belief, Defendant KIM CHOL KUN dba ANGELUS is a Guam business, name unknown, with its principal place of business located at a single-story building behind the ABC Store across the street from the Hyatt Hotel in Tumon, Guam.

9. Upon information and belief, Defendant VENDOR DOE IV, aka LISA's is a Guam business, with its principal place of business located in the indoor swap meet area of the Dededo Mall in Dededo, Guam.

10. Upon information and belief, Defendant VENDOR DOE V, aka FASHION CITY is a Guam business, with its principal place of business located in the indoor swap meet area of the Dededo Mall in Dededo, Guam.

11. Upon information and belief, Defendant VENDOR DOE VI aka Coralyn's Varieties is a Guam business, with its principal place of business located in the indoor swap meet area of the Dededo Mall in Dededo, Guam.

12. Upon information and belief, Defendant VENDOR DOE VII is a Guam business, name unknown, with its principal place of business located in the indoor swap meet area of the Dededo Mall in Dededo, Guam.

13. The true names and capacities of the individuals, corporations or other entities named herein as defendants DOES I - XX are unknown to plaintiffs, who consequently sues said defendants by such fictitious names. Plaintiffs will seek leave to amend the complaint to state their true names and capacities when they have been ascertained.

## Factual Allegations

14. LOUIS VUITTON and its affiliated companies and licensees for many years have been and are now manufacturing, developing, promoting, marketing, and distributing finely crafted luggage, handbags, clothing, accessories and related items, and other goods, under the trademarks LOUIS VUITTON and the "LV" monogram design. LOUIS VUITTON was one of the pioneer specialty merchandisers selling fine luggage and travel accessories to the luxury market in this country.

15. LOUIS VUITTON is the owner of trademarks consisting of, among others, the words LOUIS VUITTON and a distinctive "LV" monogram logo trademark. LOUIS VUITTON's trademarks were entered on the Principal Trademark Register of the United States Patent and Trademark Office as Registered Trademark Nos. 297,594, 1,519,828, 1,770,331, 1,794,905, 1,938,808, 1,990,760, 2,263,903, 2,378,388, respectively. (True, certified copies of these registrations belonging or licensed to plaintiff LOUIS VUITTON are annexed hereto as Exhibits A through H, and made a part hereof). Plaintiff LOUIS VUITTON respectfully requests that the Court take judicial notice that the original, certified copies of these registrations are attached to the Verified Complaint in Louis Vuitton, et al. v. Yim, et al., Civil Case No. 00-00069 (D. Guam) and they are still current and valid registrations.

16. For many years prior to the acts of defendants complained of herein, LOUIS VUITTON has been and now is producing, advertising, offering for sale and selling various merchandise bearing one or more of its trademarks, including: trunks luggage, travel accessories, handbags, small leather goods such as keycases, wallets, cigarette cases, belts, apparel, scarves, and various garments and other merchandise, in interstate commerce. Using its trademarks, LOUIS

-4-

VUITTON has established an outstanding reputation throughout the United States and the world as a supplier of high quality fashionable travel merchandise.

17. LOUIS VUITTON has, for many years, expended great time, effort, and money in the promotion and advertisement of its products under its marks and names including LOUIS VUITTON and the "LV" monogram design. This extensive promotion includes advertisements, articles, and news releases in local, national and international magazines and newspapers. As a result of their widespread and continuous use and promotion, the LOUIS VUITTON marks and names have become famous in identifying LOUIS VUITTON as the exclusive source of a variety of high quality and fashionable travel merchandise which is distinguishable from the goods of others.

18. LOUIS VUITTON's merchandise is manufactured in Europe and sold through a supplier in Hong Kong. LOUIS VUITTON goods are sold and shipped throughout the world.

19. Plaintiff CHANEL's merchandise is manufactured in France and Italy. CHANEL is a prestigious firm whose products have always been acknowledged as a Number One Fashion House providing the utmost luxury, originality and quality to its customers through its products. The products of the brand name CHANEL are renowned for their unique craftsmanship and the highest standards of quality. CHANEL offers for sale a variety of products including: women's clothing; handbags; luggage; small leather goods such as wallets, agendas, keycases, cigarette cases, coin holders, and cosmetic purses; watches, fine jewelry and costume jewelry including earrings, brooches, necklaces, bracelets, rings, and anklets; fragrances and beauty products such as skin care and cosmetics; shoes; scarves; ties; hats and gloves.

20. CHANEL and its affiliated companies and licensees for many years have been and are now manufacturing, developing, promoting, marketing, and distributing apparel, handbags,

footwear, accessories and related items, and other goods, under the trademarks CHANEL and the "____" logo trademark. Plaintiff CHANEL is a specialty merchandiser selling fine apparel, leather goods, handbags and other merchandise to the luxury market in this country.

21. CHANEL is the owner of trademarks consisting of, among others, the word CHANEL and a distinctive "____" logo trademark. Plaintiff CHANEL's trademarks were entered on the Principal Trademark Register of the United States Patent and Trademark Office as Registered Trademark Nos. 902,190, 1,177,400, 1,647,875, 1,654,252, 1,733,051 and 1,734,822. (True, certified copies of these registrations belonging or licensed to plaintiff CHANEL are annexed hereto as Exhibits I through N and made a part hereof). Additional CHANEL trademarks were entered on the Principal Trademark Register of the United States Patent and Trademark Office as Registered Trademark Nos. 1,241,264, 1,241,265, 1,501,898, 1,510,757, and 1,571,787. True, certified copies of these registrations belonging or licensed to plaintiff CHANEL are annexed hereto as Exhibits O through S and made a part hereof). Plaintiff CHANEL respectfully requests that the Court take judicial notice that the original, certified copies of these latter registrations (Exhibits O through S) are attached to the Verified Complaint in Yim, Civil Case No. 00-00069 and they are still current and valid registrations.

22. For many years prior to the acts of defendants complained of herein, plaintiff CHANEL and its affiliated companies have been and now are producing, advertising, offering for sale and selling various merchandise bearing one or more of its trademarks, including: women's clothing; handbags; luggage; small leather goods such as wallets, agendas, keycases, cigarette cases, coin holders, and cosmetic purses; watches, fine jewelry and costume jewelry including earrings, brooches, necklaces, bracelets, rings, and anklets; fragrances and beauty products such as skin care

-6-

and cosmetics; shoes; scarves; ties; hats and gloves and other merchandise, in interstate commerce. Using its trademarks, CHANEL has established a signature and distinctive reputation throughout the United States and the world as a supplier of high quality fashionable merchandise.

23. CHANEL and its affiliated companies have, for many years, expended great time, effort, and money in the promotion and advertisement of its products under its marks and names including the brand name CHANEL and the "____" logo. This extensive promotion includes advertisements, articles, and news releases in local, national and international magazines and newspapers. As a result of their widespread and continuous use and promotion, the CHANEL marks and names have become famous in identifying the brand name CHANEL as the exclusive source of a variety of high quality and fashionable luxury merchandise which is distinguishable from the goods of others.

24. CHANEL products are offered for sale in Guam at the Tumon Sands Plaza and the Tumon Bay Duty Free Shoppers Galleria. CHANEL goods are sold and shipped throughout the world.

25. Plaintiff PRADA's products are manufactured in Italy. The products of PRADA are renowned for their unique craftsmanship and the highest standards of quality. The history of the PRADA trademark dates back to the early twentieth century when Mario Prada opened two top quality leather goods stores in Milan, Italy. PRADA products include top quality leather goods, shoes, ready-to-wear collections, bags, and other items featuring exclusive fabrics, precious hides and traditional craftsmanship.

26. Highly sophisticated styling and production techniques have attained worldwide prominence for PRADA products. PRADA has established a unique operation for the production

of its bags, shoes and apparel. In Tuscany, near Florence, all the prototypes are designed and produced. All phases of manufacturing are kept under constant scrutiny. PRADA controls the product through all stages of development, so that only the highest quality bears the PRADA trademark. PRADA's quality control is evident in the distribution of its products in more than 140 directly operated boutiques worldwide.

27. For many years prior to the acts of defendants complained herein, PRADA and its affiliated companies have been and now are producing, advertising, offering for sale and selling various merchandise bearing one or more of its trademark. Such merchandise currently includes: handbags, wallets, totes, umbrellas, briefcases, suitcases, fanny packs, mens's and women's clothes, shoes, sport shoes, boots, raincoats, swimwear, cosmetics and watches.

28. PRADA's trademarks consist of, among others, the word "PRADA"; a distinctive triangular-shaped logo with the words "PRADA MILANO DAL 1913"; and a distinctive oval-shaped logo with the words "PRADA MILANO." The registered owner of the trademarks is Prefel, S.A., but the name of the company was changed to PRADA, S.A. True, certified copies of the French and English translation of the abstract of the corporate register of PRADA, S.A. which shows the company's change of name is attached hereto as Exhibit T. PRADA's trademarks were entered on the Principal Trademark Register of the United States Patent and Trademark Office as Registered Trademark Nos. 1,873,854, 2,162,795, 2,303,400, and 2,535,382. True, certified copies of these registrations belonging or licensed to plaintiff PRADA are annexed hereto as Exhibits U through X and made a part hereof).

29. Plaintiffs LOUIS VUITTON, CHANEL and PRADA are informed and believe and thereon allege that defendants import, export, sell and/or distribute clothing; handbags; luggage;

small leather goods such as wallets, agendas, keycases, cigarette cases, coin holders, and cosmetic purses; watches, fine jewelry and costume jewelry including earrings, brooches, necklaces, bracelets, rings, and anklets; shoes; scarves; ties; hats, gloves, belts, and various garments and other merchandise, which bear counterfeits of the LOUIS VUITTON and "LV" monogram design, the CHANEL and _____ trademarks, and the PRADA and PRADA logo trademarks (collectively "Counterfeit Merchandise"), in this District. Defendants are not authorized by LOUIS VUITTON, CHANEL, PRADA, or anyone else to buy, sell or distribute LOUIS VUITTON, CHANEL, or PRADA brand goods. Defendants' retail activities in Guam include selling such merchandise to Guam consumers and especially to Japanese tourists.

30. On information and belief, defendants have sold, offered for sale, and conspicuously displayed copies, reproductions, duplicates and imitations of one or more of LOUIS VUITTON's, CHANEL's and PRADA's trademarks. The Counterfeit Merchandise is of the same general nature and type as the merchandise manufactured, distributed or authorized to be sold by LOUIS VUITTON, CHANEL, and PRADA, that defendants' use is likely, and is intended, to cause confusion to purchasers and to deceive the public into purchasing defendants' inferior merchandise, believing that they are LOUIS VUITTON's, CHANEL's or PRADA's products. Defendants have intentionally and willfully attempted to trade upon the goodwill created by LOUIS VUITTON, CHANEL and PRADA in their trademarks, trade names and trade dresses.

31. Moreover, upon information and belief, defendants have made oral misrepresentations to potential customers that defendants' merchandise are intentional copies of and equal in quality to, the merchandise sold by LOUIS VUITTON, CHANEL, and PRADA.

32. By misappropriating and using the LOUIS VUITTON, CHANEL, and PRADA trademarks, defendants have misrepresented and falsely described to the general public the origin and source of the Counterfeit Merchandise so as to deceive the public and deliberately create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of the Counterfeit Merchandise.

33. The Counterfeit Merchandise described above is of quality inferior to that sold and/or authorized to be sold by plaintiffs and the sale thereof has and will continue to damage and dilute the goodwill plaintiffs have developed in connection with the sale of legitimate, authorized high quality merchandise.

34. The unlawful activities of defendants result in irreparable harm and injury to plaintiffs. Defendants' unlawful activities deprive plaintiffs of their absolute right to determine the manner in which their images are presented to the general public through merchandising; deceive the public as to the origin and sponsorship of such merchandise; wrongfully trade upon and derive financially from plaintiffs' reputation, commercial value and exclusive rights in their trademarks; and, to the extent the Counterfeit Merchandise is of inferior quality, irreparably harms and injures the reputation of plaintiffs.

35. Defendants' activities as aforesaid cause and will cause injury to LOUIS VUITTON, CHANEL and PRADA and their reputation, names, and trademarks. Plaintiffs have no adequate remedy at law and have suffered, and will continue to suffer, immediate and irreparable harm and damage as a result of defendants' acts, if an injunction is not granted.

///

///

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT

36. Plaintiffs reallege and incorporate by reference herein the allegations set forth in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

37. Defendants' aforesaid use of the LOUIS VUITTON, CHANEL and PRADA Trademarks, on and in connection with their counterfeit goods, infringes upon plaintiffs' exclusive rights in their federally registered trademarks, in violation of the Lanham Act, 15 U.S.C. § 1114, as amended, and 15 U.S.C. § 1051, et seq.

38. Upon information and belief, notwithstanding LOUIS VUITTON's, CHANEL's and PRADA's common law and statutory rights in their trademarks, and with knowledge or at least constructive notice of plaintiffs' trademarks and federal registration rights, defendants are selling, trafficking in, importing, distributing and/or offering for sale various types of apparel, leather goods, bags, luggage, jewelry and other merchandise upon which are imprinted counterfeit imitations or copies of one or more of LOUIS VUITTON's, CHANEL's and PRADA's registered trademarks. Plaintiffs have never authorized or consented in any way to the use by defendants of their registered trademarks, or authorized defendants as distributors of plaintiffs' goods in order to give their merchandise the distinctive appearance of belonging to, originating from, or being associated with plaintiffs.

39. Defendants' counterfeiting, copying and unauthorized use of one or more of plaintiffs' federally registered Trademarks combined with the distinctive trade dress of plaintiffs' merchandise, constitute trademark infringement and are likely to, and are causing confusion, mistake and deception among members of the public as to the origin of defendants' goods and are likely to and

-11-

will continue to deceive the public into believing that the goods being sold by defendants emanate from or are associated with plaintiffs and their high quality genuine merchandise, and has thus caused and will continue to cause irreparable harm to plaintiffs unless restrained by this Court. Plaintiffs have no adequate remedy at law.

## COUNT II

### FEDERAL TRADEMARK COUNTERFEITING

40. Plaintiffs reallege and incorporate by reference herein the allegations set forth in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

41. Defendants' aforesaid use in commerce of one or more of plaintiffs' federally registered Trademarks in connection with their goods, constitutes trafficking or attempts to traffic in goods knowingly using counterfeit trademarks, in violation of the Counterfeiting Act, 15 U.S.C. § 1114(1), et seq.

42. Upon information and belief, defendants, having full knowledge of plaintiffs' rights and the fact that the goods defendants sell are unauthorized duplications of plaintiffs' merchandise, have engaged in the reproduction, counterfeit, copy, imitation, manufacture and/or sale of goods bearing the LOUIS VUITTON, CHANEL or PRADA Trademarks in order falsely to give their goods the distinctive appearance of belonging to, originating from, or being associated with plaintiffs.

43. Defendants' aforesaid acts in counterfeiting one or more of plaintiffs' federally registered Trademarks have caused and will continue to cause irreparable harm to plaintiffs unless restrained by this Court. Plaintiffs have no adequate remedy at law.

/ / /

/ / /

Case 1:03-cv-00013   Document 13   Filed 06/23/2003   Page 12 of 17

## COUNT III

## FEDERAL UNFAIR COMPETITION -- FALSE DESIGNATION OF ORIGIN

44. Plaintiffs reallege and incorporate by reference herein the allegations set forth in paragraphs 1 through 41 of this Complaint as if fully set forth herein.

45. The similarity between the overall commercial impression of the genuine merchandise of plaintiffs and the goods sold by defendants, bearing the unauthorized and counterfeit LOUIS VUITTON, CHANEL or PRADA Trademarks, constitutes a false designation of origin and a false description and representation to the consuming public. Members of the public are likely to and, upon information and belief, do believe that defendants' goods were manufactured, imported, distributed, sold, authorized by or otherwise associated with plaintiffs, all to defendants' profit and plaintiffs' great damage and injury.

46. The aforesaid acts of defendants are in violation of the Lanham Act, 15 U.S.C. § 1125(a), and have caused and will continue to cause plaintiffs' irreparable injury unless restrained by this Court. Plaintiffs have no adequate remedy at law.

WHEREFORE, plaintiffs respectfully pray that this Court grant the following relief as to each of the above causes of action:

A. Preliminarily and permanently enjoining and restraining defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all those in active concert or participation with them, from:

(1) counterfeiting, imitating, copying, or making unauthorized use of "LOUIS VUITTON", the "LV" design, "CHANEL", the "____" design, "PRADA", the PRADA logos or designs, or any of LOUIS VUITTON's, CHANEL's or PRADA's registered or licensed trademarks;

(2) manufacturing, producing, printing, distributing, importing, trafficking in, selling, offering for sale, advertising, promoting or displaying any merchandise of whatever nature or type, including but not limited to, apparel, luggage, handbags, purses, leather goods, belts, keycases, jewelry, accessories or any other items bearing any simulation, reproduction, counterfeit, copy or colorable imitation of "LOUIS VUITTON", the "LV" design, "CHANEL", the "____" design, "PRADA", the PRADA logos or designs, or any of LOUIS VUITTON's, CHANEL's, or PRADA's registered or licensed trademarks;

(3) using any simulation, reproduction, counterfeit, copy or colorable imitation of "LOUIS VUITTON", the "LV" design, "CHANEL", the "____" design, "PRADA", the PRADA logos or designs, or any of LOUIS VUITTON's, CHANEL's or PRADA's registered or licensed trademarks or trade dress in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, printing, importation, production, circulation or distribution of any product, in such fashion as to relate or connect such product in any way to LOUIS VUITTON, CHANEL, or PRADA or to any goods sold, manufactured, sponsored or approved by, or connected with LOUIS VUITTON, CHANEL or PRADA;

(4) making any statement or representation whatsoever, or using any false designation of origin or false description or representation, or performing any act, which can, or is likely to, lead the trade or public, or individual members thereof, to believe that any products manufactured, printed, distributed or sold by defendants, or that defendants or defendants' stores, are in any manner associated or connected with LOUIS VUITTON, CHANEL or PRADA, or any goods of defendants are sold, manufactured, licensed, sponsored, approved or authorized by LOUIS VUITTON, CHANEL or PRADA; and

-14-

(5) engaging in any other activity constituting unfair competition with LOUIS VUITTON, CHANEL or PRADA, or constituting an infringement of any of LOUIS VUITTON's, CHANEL's or PRADA's trademarks, or of LOUIS VUITTON's, CHANEL's or PRADA's rights in, or to use or to exploit, LOUIS VUITTON's, CHANEL's or PRADA's trademarks, or the trade dress of LOUIS VUITTON's, CHANEL's or PRADA's products, or constituting any damage to LOUIS VUITTON's, CHANEL's or PRADA's name, trademarks, reputation or goodwill.

B. Directing that defendants deliver for destruction all products, merchandise, goods, labels, signs, prints, packages, dies, wrappers, parts, hardware, artwork or apparatus, receptacles and advertisements in their possession, or under their control, bearing the registered trademarks or the word, term, name, symbol, device, designation or representation of LOUIS VUITTON, CHANEL or PRADA or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same.

C. Imposing a constructive trust over Defendants' profits and requiring Defendants to account for and pay over to LOUIS VUITTON, CHANEL, or PRADA, respectively, all profits realized by them from their infringement and injury to the value of LOUIS VUITTON, CHANEL or PRADA trademarks and their unfair competition with LOUIS VUITTON, CHANEL or PRADA;

D. Awarding judgment to plaintiffs for plaintiffs' damages or defendants' profits, whichever are greater, arising from defendants' trademark infringement, trademark counterfeiting, false designation of origin, and unfair competition, such damages to be trebled in view of the willfulness of defendants' acts in duplicating plaintiffs' tradename and the LOUIS VUITTON, CHANEL or PRADA Trademarks and/or selling defendants' products with the express or implied representation through the use of plaintiffs' trade dress and trademarks that defendants' products

Case 1:03-cv-00013   Document 13   Filed 06/23/2003   Page 15 of 17

emanate from or are associated with plaintiffs; or, alternatively, that the Court award statutory damages pursuant to 15 U.S.C. § 1117(c);

  E. Awarding plaintiffs exemplary and punitive damages as allowed by law;

  F. Awarding plaintiffs their costs of suit incurred herein;

  G. Awarding plaintiffs reasonable attorney's fees and expenses incurred in this action;

  H. Awarding plaintiffs prejudgment interest as authorized by 15 U.S.C. § 1117(b) and applicable law; and

  I. Granting plaintiffs such other and further relief as this Court deems to be reasonable, necessary and just.

Dated this 23rd day of June, 2003.

        ARRIOLA, COWAN & ARRIOLA
        Counsel for Plaintiffs LOUIS VUITTON
        MALLETIER, CHANEL, INC. and PRADA, S.A.

        BY: _____
          ANITA P. ARRIOLA

-16-

Case 1:03-cv-00013 Document 13 Filed 06/23/2003 Page 16 of 17

## VERIFICATION

I, ANITA P. ARRIOLA, being duly sworn, deposes and says that:

I am an attorney at law duly admitted and licensed to practice before all courts of this Territory. I have my professional office at Suite 201, Calvo & Arriola Professional Building, 259 Martyr Street, Hagåtña, Guam 96910.

I am the attorney of record for plaintiffs in the above-entitled matter.

Said plaintiffs are absent from the city or town in which I have my office and for that reason I am making this verification on their behalf.

I have read the foregoing Verified First Amended Complaint and know the contents thereof and that the same are true of my own knowledge except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States and the territory of Guam that the foregoing is true and correct.

Executed this 23rd day of June, 2003 in Hagåtña, Guam.

_____
ANITA P. ARRIOLA

-17-

Case 1:03-cv-00013   Document 13   Filed 06/23/2003   Page 17 of 17