ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, JR., ESQ.
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagatna, Guam 96910
Telephone: (671) 477-9731/33
Telecopier: (671) 477-9734

Counsel for Plaintiffs LOUIS VUITTON
MALLETIER, CHANEL, INC. and
PRADA, S.A.

UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| LOUIS VUITTON MALLETIER and CHANEL, INC., and PRADA, S.A.,<br><br>Plaintiffs,<br><br>vs.<br><br>VENDOR DOE I aka HANA TRADE CORPORATION dba HONOLULU GIFT SHOP aka U.S.A. T-SHIRTS AND GIFT ITEMS, VENDOR DOE II aka SU KIM, VENDOR DOE III aka KIM CHOL KUN dba ANGELUS, VENDOR DOE IV aka LISA'S, VENDOR DOE V aka FASHION CITY, VENDOR DOE VI aka CORALYN'S VARIETIES, VENDOR DOE VII and DOES I THROUGH XX,<br><br>Defendants. | CIVIL CASE NO. 03-00013<br><br>**DECLARATION OF HYON JUNG KIM IN SUPPORT OF PLAINTIFFS' FIRST AMENDED VERIFIED COMPLAINT AND PLAINTIFFS' SECOND MOTION FOR TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION, AND ORDER ACCELERATING DISCOVERY** |

-1-

I, **HYON JUNG KIM**, being duly sworn, declare and state as follows:

1. I am a resident of Tamuning, Guam. I am a store manager of Louis Vuitton located at Tumon Sands Plaza. I file this Declaration in support of Plaintiffs' Verified Complaint and Plaintiffs' Second Motion for Temporary Restraining Order, Seizure Order, Order to Show Cause for Preliminary Injunction, Order Sealing File and Order Accelerating Discovery. I have personal knowledge of the facts contained herein. If called as a witness I could testify as to the facts contained herein.

2. LOUIS VUITTON has been a master trunk maker in Paris since 1854. It is a prestigious firm whose products have always been acknowledged as the "epitome of refinement." The products of LOUIS VUITTON are renowned for their unique craftsmanship and the highest standards of quality.

3. I have worked for LOUIS VUITTON for over five years. Since entering the company until the present, I have been trained to identify LOUIS VUITTON products bearing LOUIS VUITTON's trademarks and logos. I have received extensive training in the identification of LOUIS VUITTON and counterfeit LOUIS VUITTON merchandise, including seminars.

4. During my employment at LOUIS VUITTON, I have therefore come to be very familiar with the design of the products of the LOUIS VUITTON line including without limitation, LOUIS VUITTON bags, wallets, briefcases, keycases, belts, and leather and leather-trimmed accessories. I am also very familiar with the LOUIS VUITTON trademarks, which have become widely known and recognized throughout the world.

5. On May 29, 2003, I went to the law office of Arriola, Cowan & Arriola and met with Anita P. Arriola. She showed me a key ring and a cellphone strap bearing the LOUIS VUITTON logo or design. I examined each of them thoroughly. All of the items bearing the LOUIS VUITTON

-2-

name or trademark which I examined appeared to be counterfeit products not manufactured on behalf of LOUIS VUITTON. A true and correct copy of a photograph of the items I examined is attached hereto as Exhibit 1.

6. The two items I examined are not in the LOUIS VUITTON collection. The weight of the metal pieces of the cellphone strap is not correct, it is too light; also, the coloring is too light. In the interlocking "LV" design, the dimensions and spacing are incorrect. The color of the textile strap for the cellphone strap is incorrect; the one on the genuine item is yellow, while the one on the counterfeit one is brown. The thickness and texture of the cellphone strap is incorrect, as well as the coloring of the varnish on the side of the cellphone strap.

7. On the keyholder, the size of the logo "LOUIS VUITTON Made in France" is not correct for the size of the product. The stitching is of poor quality, the color of the metal hardware is too shiny and the weight is too light. The quality of the grain stamping on the canvas is incorrect. The small leather piece has no varnishing on the side, it is of poor quality and it is unlined or unfinished.

8. The box in which the cellphone strap and keyholder were contained is not a box made by LOUIS VUITTON.

9. All of the items I examined at the law office of Arriola, Cowan & Arriola prominently display counterfeit copies of the LOUIS VUITTON name, trademark and logo. The trademarks are identical or substantially similar to those used on genuine LOUIS VUITTON products. However, the quality of these counterfeit products is inferior to the quality of genuine LOUIS VUITTON goods. I am informed by Anita P. Arriola that the items came from a store at the Dededo Mall known as Fashion City. That store is not an authorized seller or distributor of LOUIS VUITTON products. I was also informed that other vendors at Dededo Mall are selling LOUIS VUITTON

-3-

items. None of those vendors are authorized sellers or distributors of LOUIS VUITTON products.

10. LOUIS VUITTON vigorously pursues counterfeit goods as soon as it discovers them and has instituted suit where necessary to bring a prompt end to these unlawful and deceptive practices. The unauthorized manufacture, distribution, exportation, importation, and sale of counterfeit LOUIS VUITTON merchandise causes confusion and deceives the consuming public as to the true source of such merchandise. Because the counterfeit items bear copies of LOUIS VUITTON's name, logo and trademark, I believe that customers would purchase the items in the belief that they are genuine products of LOUIS VUITTON, which they are not.

11. Defendant's actions will cause substantial and irreparable damage and injury to LOUIS VUITTON and, in particular, to the valuable goodwill and reputation symbolized by the LOUIS VUITTON trademarks. Unless the court enjoins defendant, she will continue to cause LOUIS VUITTON substantial and irreparable damage and injury. Further, defendant's manufacture, distribution, exportation, importation and sale of counterfeit or infringing LOUIS VUITTON merchandise will cause substantial injury to LOUIS VUITTON's reputation and cause substantial sales of LOUIS VUITTON's authentic products to be lost or diverted to defendants, in an amount impossible to calculate with any certainty at the present time.

12. Based on my training and experience, I am aware that it is a common practice of individuals and businesses involved in the trafficking of counterfeit merchandise to maintain and keep the following types of documentary evidence and other items in their place of business:

> A) Books, records, receipts, notes, ledgers, correspondence and other papers related to the importation and trafficking of goods containing counterfeit marks.

B) Records, books, and papers reflecting names, addresses, telephone numbers, and other contact and identification data relating to the importation of and trafficking in goods containing counterfeit marks, including records such as telephone and address listings of suppliers and customers.

C) Cash and currency that can be directly traced as proceeds of the sale of items containing counterfeit marks.

D) Records relating to or reflecting income, expenditures, and wealth obtained through trafficking in goods containing counterfeit marks, including without limitation, money orders, wire transfers, cashier's check receipts, bank statements, passbooks, checkbooks, and check registers.

E) Items of personal property or documents which tend to identify the person(s) using, occupying, controlling, or owning the premises, including but not limited to opened mail, leases, rental agreements, photographs, telephone books, diaries, utility and telephone bills, statements, identification documents, and keys.

13. All of the foregoing documents are necessary, important, and material in determining the extent of the defendants' sales of counterfeit LOUIS VUITTON products, as well as in determining the suppliers, manufacturers, exporters, importers and other retailers of counterfeit LOUIS VUITTON products.

I declare under penalty of perjury under the laws of the United States and the laws of Guam that the foregoing is true and correct.

Executed this 29th day of May, 2003 in Hagatna, Guam.

_____
HYON JUNG KIM

-5-

Case 1:03-cv-00013    Document 17    Filed 06/24/2003    Page 5 of 6


