ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, JR., ESQ.
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagatna, Guam 96910
Telephone: (671) 477-9731/33
Telecopier: (671) 477-9734

Counsel for Plaintiffs LOUIS VUITTON
MALLETIER, CHANEL, INC. and
PRADA, S.A.

FILED
DISTRICT COURT OF GUAM
JUN 30 2003
MARY L. M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| LOUIS VUITTON MALLETIER and CHANEL, INC., and PRADA, S.A.<br><br>Plaintiffs,<br><br>vs.<br><br>HANA TRADE CORPORATION dba HONOLULU GIFT SHOP aka U.S.A. T-SHIRTS AND GIFT ITEMS, VENDOR DOE II aka SU KIM, VENDOR DOE III, KIM CHOL KUN dba ANGELUS, VENDOR DOE IV aka LISA'S, VENDOR DOE V aka FASHION CITY, VENDOR DOE VI aka CORALYN'S VARIETIES, VENDOR DOE VII and DOES I THROUGH XX,<br><br>Defendants. | CIVIL CASE NO. 03-00013<br><br>**TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION, AND ORDER ACCELERATING DISCOVERY** |

Plaintiffs Louis Vuitton Malletier, Chanel Inc. and Prada S.A. (collectively "Plaintiffs"), having applied <u>ex</u> <u>parte</u> for a second temporary restraining order and seizure order; order to show cause for preliminary injunction, under the Lanham Act (15 U.S.C. § 1051, <u>et</u> <u>seq.</u>), as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473; and order accelerating discovery, for the reason that defendants appear to be, among other things, selling goods bearing counterfeits

of plaintiffs' registered trademarks, and the Court having reviewed the verified complaint, pleadings, moving papers, exhibits and affidavits submitted by plaintiffs, the Court finds that it clearly appears that:

(a) plaintiffs are likely to succeed in showing that the defendants used counterfeits of plaintiffs' "Louis Vuitton," "LV", "Chanel," "_____" logo, "Prada" and other trademarks and logos (hereinafter collectively the "Plaintiffs' Trademarks"), registered in the Principal Register in the United States Patent and Trademark office, in connection with the sale, offering for sale, and/or distribution of bags, wallets, cellphone straps, keyholders and other items; and that

(b) the sale of such merchandise bearing counterfeits of Plaintiffs' Trademarks will result in an immediate and irreparable injury to plaintiffs if seizure of such counterfeit merchandise and the records pertaining thereto is not ordered; and that

(c) the defendants, or other persons acting in concert with defendants, may destroy, move, hide or otherwise make the merchandise bearing counterfeits of Plaintiffs' Trademarks and defendants' business records inaccessible to the court, if plaintiffs were to proceed on notice to defendants, thus frustrating the ultimate relief plaintiffs seek in this action; and that

(d) the harm to plaintiffs of denying the requested ex parte seizure order outweighs the harm to the legitimate interests of defendants from granting such an order; and that

(e) plaintiffs have sufficiently shown that the items and documents to be seized are located (1) within the indoor swap meet area of the Dededo Mall in Dededo, Guam and in a store identified as "Lisa's" (see R. Resendez Decl., Exh. 1); (2) in a store located in the indoor swap meet area of the Dededo Mall in Dededo, Guam identified as "Fashion City" (id, Exh. 2); (3) a store located in the Dededo Mall identified as "Coralyn's Varieties," (id, Exh. 7); and (4) an unknown and unmarked business located within the indoor swap meet area of the Dededo Mall in Dededo, Guam

and directly across from "Coralyn's Varieties" and all as depicted R. Resendez Decl. in Exh. 8; and (5) a sidewalk vendor known as Su Kim operating at Plaza de Espana park in Hagatna or such other location as the sidewalk vendor Su Kim may be found (see H. Mitsuoka Decl.; and that

(f) plaintiffs have not publicized the proposed seizure order; and that

(g) plaintiffs have provided the United States Attorney with reasonable notice of their application for an ex parte seizure order; and that

(h) entry of an order other than an ex parte seizure order will not adequately achieve the purposes of 15 U.S.C. § 1114 to preserve plaintiff's remedies for trademark infringement, including destruction of merchandise bearing counterfeits of Plaintiffs' Trademarks and evidence of plaintiffs' lost profits and damages.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants, and each of them, and any person acting in concert with them who is served with a copy or has notice of this Order (hereinafter collectively referred to as "defendants"), shall show cause, unless the defendants waive their right to do so, before the Honorable John S. Unpingco at the United States District Court for the District Court of Guam, 4th Floor, U.S. Courthouse, 520 West Soledad Avenue, Hagåtña, Guam 96910, on ___July 8___, 2003, at _11:00_ o'clock _a_. m. [between 10 and 15 days of this Order pursuant to 15 U.S.C. §1116(D)(10)(A)], or as soon thereafter as counsel can be heard, why an order should not be entered granting plaintiff a preliminary injunction pursuant to Rule 65, Federal Rules of Civil Procedure, as follows:

(a) Enjoining and restraining defendants, their officers, agents, servants, employees, attorneys and any persons in active concert or participation with them, from:

(i) using Plaintiffs' trade names or Trademarks including "Louis Vuitton," or "LV," "Chanel" or the ____ logo, "Pradà" or any Prada logo, trademarks and logos or any

-3-

reproduction, counterfeit copy, or colorable imitation of said marks, trade names or logos in connection with the advertising, embroidering, printing, distributing, offering for sale, or sale of bags, purses, luggage, leather goods, jewelry, accessories, apparel, or other items, or in any manner likely to cause others to believe that defendants' products are connected with plaintiffs or plaintiffs' genuine Louis Vuitton, Chanel or Prada products; and

(ii) passing off, inducing, or enabling others to sell or pass off any merchandise which is not genuine Louis Vuitton, Chanel or Prada merchandise as and for genuine Louis Vuitton, Chanel or Prada merchandise; and

(iii) committing any other acts calculated to cause purchasers to believe that defendants' products are genuine Louis Vuitton, Chanel or Prada products or that defendants are authorized distributors of Louis Vuitton, Chanel or Prada products; and

(iv) shipping, delivering, holding for sale, distributing, importing, returning, transferring or otherwise moving or disposing of in any manner such bags, purses, luggage, leather goods, jewelry, accessories, apparel, or other items falsely bearing the Louis Vuitton, Chanel or Prada trademarks, trade names or logos or any reproduction, counterfeit, copy or colorable imitation of the same; and

(v) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (i) through (iv); and

(b) Impounding, in the custody of plaintiffs' counsel as substitute custodian for the court, during the pendency of this action or until further order of the court, all money, cash, coins and currency, bags, purses, luggage, leather goods, jewelry, accessories, apparel, or other items, labels, heat transfers, molds, screens, printing and/or embroidering devices, advertising, packaging and other materials, merchandise and business records seized pursuant to the provisions of this Order

-4-

Case 1:03-cv-00013     Document 21     Filed 06/30/2003     Page 4 of 9

hereinafter set forth;

(c)  Ordering defendants to deliver up to plaintiffs' counsel for impoundment, pursuant to court order, all such items, or things bearing counterfeits of Plaintiffs' Trademarks remaining in their possession, custody or control, and it is further

ORDERED, ADJUDGED AND DECREED that pending the hearing of plaintiffs' application for a preliminary injunction, defendants, their agents, servants, employees, attorneys and any persons acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise, be, and they are, hereby temporarily restrained from (a) committing any of the acts set forth in subparagraphs (i) through (v) of the preceding section; (b) moving, destroying or otherwise disposing of any goods, labels, heat transfers, molds, screens, printing or embroidering devices, or other items or documents bearing or relating to the Louis Vuitton, Chanel or Prada trademarks or trade names or logos of plaintiffs, and (c) removing, destroying or otherwise disposing of business records or documents relating in any way to the manufacture, printing, importation, acquisition, purchase, distribution or sale of goods or otherwise relating to merchandise bearing the Louis Vuitton, Chanel or Prada trademarks, trade names or logos of plaintiffs.

IT IS FURTHER ORDERED that the temporary restraining order shall remain in effect until the date set herein for hearing on the order to show cause or such further dates set by the Court, unless the defendants stipulate, or have not objected, to the preliminary injunction and that the defendants are placed upon notice that failure to attend the hearing shall result in confirmation of the seizure and the immediate issuance of a preliminary injunction deemed to take effect immediately upon the expiration or dismissal of this temporary restraining order; and

IT IS FURTHER ORDERED that the United States Marshal and/or any other peace officer of the Territory of Guam, including but not limited to Guam Superior Court Marshals or U.S.

Customs officials, accompanied by counsel for plaintiffs and/or persons under their supervision, be and are hereby directed to seize and impound forthwith:

(a) All money, cash, coins and currency; clothing; handbags; luggage; leather goods such as wallets, agendas, keycases, cigarette cases, coin holders, and cosmetic purses; fine jewelry and costume jewelry including earrings, brooches, necklaces, bracelets, rings, and anklets; shoes; belts; scarves; ties; hats; gloves; purses, fanny packs, labels, boxes, packages, advertisements and any other goods, items or merchandise in defendant's possession, custody or control bearing any counterfeit, copy or substantially indistinguishable designations of, or for, any of plaintiffs' Louis Vuitton, Chanel or Prada trademarks, trade names or logos;

(b) All plates, molds, matrices, heat transfers, printing or embroidering or silkscreening apparatus utilized in making counterfeit Louis Vuitton, Chanel or Prada merchandise and other means of making any counterfeits or infringing marks, copies of or substantially indistinguishable designations of plaintiffs' Louis Vuitton, Chanel or Prada trademarks, trade names or logos;

(c) All books and records, including but not limited to electronic or digital records in computers, CD-Roms, diskettes or hard drives, documenting or reasonably appearing to document or relate to the manufacture, purchase, importation, sale, printing, distribution or receipt of any merchandise bearing, or intended to bear, any counterfeit, copy or substantially indistinguishable designations of, or for, plaintiffs' Louis Vuitton, Chanel or Prada trademarks, trade names or logos or other things involved in such violation; including, but without limitation, all such infringing merchandise or means of making or transporting such merchandise, and all such related records and things on the person or under the control of defendants or which defendants attempt to sell, or are holding, in any location in the Territory of Guam under said defendants' care, custody, possession or control, including any carton, room, vehicle, cabinet, desk, container or other package in which

said counterfeit and/or infringing merchandise, labels or business records is found at any locations, including but not limited to: (1) within the indoor swap meet area of the Dededo Mall in Dededo, Guam and in a store identified as "Lisa's" (see R. Resendez Decl., Exh. 1); (2) a store located in the indoor swap meet area of the Dededo Mall in Dededo, Guam identified as "Fashion City" (id, Exh. 2); (3) a store located in the Dededo Mall identified as "Coralyn's Varieties," (id, Exh. 7); and (4) an unknown and unmarked business located within the indoor swap meet area of the Dededo Mall in Dededo, Guam and directly across from "Coralyn's Varieties" and all as depicted in R. Resendez Decl., Exh. 8; and (5) a sidewalk vendor known as Su Kim operating at Plaza de Espana park in Hagatna or such other location as the sidewalk vendor Su Kim may be found (see H. Mitsuoka Decl.).

IT IS FURTHER ORDERED that the United States Marshal or other peace officer of the Territory of Guam, including but not limited to Superior Court Marshals or U.S. Customs officials, accomplishing such seizure shall employ whatever reasonable force is necessary to enter the premises owned, leased or occupied by defendants or the locations to be searched, and to inspect the contents of any rooms, closets, cabinets, vehicles, containers, desks, packages, cartons or documents located on or near any of the above locations or premises and in doing so may arrest any person impeding him or her from effecting such seizure; and

IT IS FURTHER ORDERED that plaintiffs or their agents shall promptly inspect all items seized, and if any items are reasonably determinable to be improperly seized, such items are to be returned to defendants as soon as reasonably possible and to this end, defendants or their agents are required to give to the peace officer the correct name, address, phone number and directions to the place they can be reached and failure to do the same may result in contempt of Court; and

IT IS FURTHER ORDERED that any such merchandise or means of making such

merchandise or records and things seized shall be appropriately tagged to permit identification, that defendants shall be given a receipt therefor and such merchandise, records or things shall be impounded in the custody or control of plaintiffs' counsel or their designees as substitute custodian of the Court, pending further order of this Court and shall be made available for inventory or inspection by any party or its counsel during normal business hours; and that any such records seized shall likewise be impounded and shall be subject to a protective order whereby access thereto shall be initially restricted to plaintiffs' counsel, defendant and defendants' counsel, who shall all be permitted to inspect and copy such records, and such records shall be copied and the originals returned to defendant as soon as possible. This protective order, limiting the access to such documents, shall expire on the date set above for the hearing on the Order to Show Cause unless extended by order of this Court, so that at such hearing and thereafter the contents of such records may be revealed, unless otherwise ordered by this Court; and

IT IS FURTHER ORDERED that plaintiffs have previously posted $5,000.00 as security in this case, which is determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure, attempted seizure or restraint hereunder; and

IT IS FURTHER ORDERED that, sufficient cause having been shown, the above seizure shall take place and service of this Order, together with the Summons and Complaint, shall be made on defendants personally, or by delivery to an adult of suitable age, at defendants' place of business or residence or where defendants are selling or holding for sale the items or records to be seized, and that such service shall be deemed good and sufficient and shall take place within seven days from the date of this Order or such time as may be extended by this Court and, upon request by any defendants, plaintiffs' attorneys shall supply such defendants with copies of all other supporting documents previously filed by plaintiffs herein; and

IT IS FURTHER ORDERED that defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for plaintiffs by delivering copies thereof to the Law offices of Arriola, Cowan & Arriola, A Professional Corporation, Suite 201, 259 Martyr Street, Hagåtña, Guam 96910, before 12:00 o'clock p.m. on _July 3_, 2003 (4 days before hearing). Any response shall be filed and served by plaintiffs before 12:00 o'clock p.m. on _July 7_, 2003 (1 day before hearing); and

IT IS FURTHER ORDERED that good cause having been shown that discovery herein may begin immediately and the time for defendants' responses to any request for production of documents or things served with this Order shall be shortened to be due the date of the hearing set forth above.

**DEFENDANTS ARE HEREBY GIVEN NOTICE THAT UPON SERVICE OF THIS NOTICE DEFENDANTS SHALL BE DEEMED TO HAVE ACTUAL NOTICE OF THE ISSUANCE AND TERMS OF THIS ORDER AND THAT ANY ACT BY ANY OF THEM OR BY PERSONS ACTING IN CONCERT WITH THEM IN VIOLATION OF ANY OF THE TERMS HEREOF MAY BE CONSIDERED AND PROSECUTED AS CONTEMPT OF THIS COURT.**

Dated: JUN 3 0 2003

Time: _____

**HONORABLE JOHN S. UNPINGCO**
Chief Judge, District Court of Guam

PRESENTED BY:

ARRIOLA, COWAN & ARRIOLA
Counsel for Plaintiff LOUIS VUITTON
MALLETIER, CHANEL INC. AND PRADA S.A.

BY: _Anita P. Arriola_
**ANITA P. ARRIOLA**
Dated: 6/23/03

RECEIVED JUN 23 2003 DISTRICT COURT OF GUAM HAGATNA, GUAM