ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, JR., ESQ.
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagatna, Guam 96910
Telephone:     (671) 477-9730/33
Telecopier:    (671) 477-9734

Counsel for Plaintiffs LOUIS VUITTON
MALLETIER, CHANEL, INC. and
PRADA, S.A.



FILED
DISTRICT COURT OF GUAM
JUL 22 2003
MARY L. M. MORAN
CLERK OF COURT

### UNITED STATES DISTRICT COURT OF GUAM

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

| | |
|---|---|
| LOUIS VUITTON MALLETIER and CHANEL, INC., and PRADA, S.A.<br><br>Plaintiffs,<br><br>vs.<br><br>HANA TRADE CORPORATION dba HONOLULU GIFT SHOP aka U.S.A. T-SHIRTS AND GIFT ITEMS, VENDOR DOE II aka SU KIM, VENDOR DOE III, KIM CHOL KUN dba ANGELUS, VENDOR DOE IV dba LISA'S, EDWARD P. PAK, aka VENDOR DOE V dba FASHION CITY, CONNIE C. IMBUIDO, aka VENDOR DOE VI dba CORALYN'S VARIETIES, ANGIE D. WOLFORD aka VENDOR DOE VII dba TRINITY'S VARIETIES and DOES I THROUGH XX,<br><br>Defendants. | CIVIL CASE NO. 03-00013<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT EDWARD P. PAK aka VENDOR DOE V dba FASHION CITY** |

This matter, having come before the Court upon the Verified First Amended Complaint of

the Plaintiffs Louis Vuitton Malletier, Chanel Inc. and Prada S.A. (collectively "Plaintiffs"), for

# ORIGINAL

Louis Vuitton Malletier et al. v. Hana Trade Corporation et al.                    2
Civil Action No. CV03-00013
*Consent Judgment and Permanent Injunction Against Defendant Edward Pak aka Vendor Doe V dba Fashion City*

damages and an injunction to restrain Vendor Doe V, nka EDWARD P. PAK, dba FASHION CITY

(hereinafter "defendant"), and others from imitating, copying, counterfeiting, making unauthorized

use of, and otherwise infringing upon the registered trademarks, trade names or logos of plaintiffs

(hereinafter "Plaintiffs' Trademarks"), and from unfairly competing with plaintiffs, and from falsely

designating goods as having originated from plaintiffs; and it appearing to the Court from the

supporting evidence that a Final Judgment and Permanent Injunction should be entered in favor of

the plaintiffs, it is

ORDERED, ADJUDGED AND DECREED that:

1.      Defendant EDWARD P. PAK consents and agrees that he is the proper party

Defendant previously identified in the Verified First Amended Complaint and subsequent pleadings

herein as "VENDOR DOE V, aka FASHION CITY," and further Stipulates and Agrees to an

amendment of all pleadings herein, including the Verified First Amended Complaint, to identify

Defendant EDWARD P. PAK dba FASHION CITY as the proper party Defendant in the place and

stead of VENDOR DOE V.

2.      Defendant and his representatives, agents, servants, employees, and all persons or

entities acting in concert or participation with defendant, are permanently enjoined and restrained

from in any manner:

a.      Using Plaintiffs' Trademarks or any simulation, reproduction, counterfeit,

copy or colorable imitation of Plaintiffs' Trademarks in connection with the printing, manufacturing,

advertising, embroidering, offering for sale, sale or distribution of purses, handbags, accessories,

wallets, keyholders, belts, jewelry, shoes, garments, cosmetics, packaging materials, or any other

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Louis Vuitton Malletier et al. v. Hana Trade Corporation et al.                    3
Civil Action No. CV03-00013
*Consent Judgment and Permanent Injunction Against Defendant Edward Pak aka Vendor Doe V dba Fashion City*

items;

b.      Using Plaintiffs' Trademarks or any colorable imitation of Plaintiffs' Trademarks in any manner likely to cause confusion, mistake or deception as to the identity or source of any item;

c.      Passing off, inducing or enabling others to sell or pass off any items which are not genuine Louis Vuitton, Chanel and Prada products as and for genuine Louis Vuitton, Chanel and Prada products;

d.   ·   Committing any acts calculated to cause others to believe that defendant's products are genuine Louis Vuitton, Chanel or Prada products or that defendant is an authorized distributor, seller or retailer of Louis Vuitton, Chanel or Prada;

e.      Offering for sale, selling, circulating, holding for sale, advertising, distributing, printing or manufacturing any items bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Trademarks;

f.      Engaging in any other activity using Plaintiffs' Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Trademarks in a manner which is likely to cause others to falsely believe that defendant's products are connected with plaintiffs, or plaintiffs' products;

g.      Transferring, importing, shipping, delivering, consigning, holding for sale, selling, distributing, moving, destroying or otherwise disposing of in any manner bags, purses, luggage, leather goods, jewelry, accessories, apparel, labels, heat transfers, screens, printed matter or any other items bearing any simulation, reproduction, counterfeit, copy or colorable imitation of

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Louis Vuitton Malletier et al. v. Hana Trade Corporation et al.                    4
Civil Action No. CV03-00013
*Consent Judgment and Permanent Injunction Against Defendant Edward Pak aka Vendor Doe V dba Fashion City*

Plaintiffs' Trademarks;

      h.     Removing, destroying or otherwise disposing of any business records or documents not previously provided to plaintiffs' counsel relating in any way to the manufacture, printing, purchase, sale, distribution or advertisement of any items bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Trademarks; and

      i.     Assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (h); and it is further

      2.     ORDERED, that defendant shall place into the possession, custody and control of plaintiffs' counsel, at no cost to plaintiffs, to become the property of plaintiffs to do with as they wish within five (5) days from the date of this Order:

      a.     All garments, apparel, bags, purses, luggage, leather goods, jewelry, accessories, labels, packages, signs, advertisements and any other items in defendant's possession, custody or control bearing any reproduction, simulation, counterfeit, copy or colorable imitation of Plaintiffs' Trademarks; and

      b.     All artwork, plates, molds, matrices, printing devices, screens, heat transfers or other means of making any simulations, reproductions, counterfeits or copies of Plaintiffs' Trademarks in defendant's possession, custody or control; and it is further

      3.     ORDERED, that defendant shall place into the custody, possession and control of plaintiffs' counsel, within ten (10) days thereof, at no cost to plaintiffs, all items which hereafter come into defendant's possession, custody or control which bear simulations, reproductions,

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Louis Vuitton Malletier et al. v. Hana Trade Corporation et al.                    5
Civil Action No. CV03-00013
*Consent Judgment and Permanent Injunction Against Defendant Edward Pak aka Vendor Doe V dba Fashion City*

counterfeits or copies of Plaintiffs' Trademarks; and it is further

4.      ORDERED, that defendant shall pay to plaintiffs, through their counsel of record, Arriola, Cowan & Arriola, 259 Martyr Street, Suite 201, Hagatna, Guam 96910, the sum of SEVEN THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS ($7,500.00) with interest at the rate of six percent (6%) per annum, payable as follows: $5,000.00 payable upon execution of this Consent Judgment, with the balance to be paid in monthly installments of $200.00 beginning August 15, 2003 and on or before the fifteenth day of every month thereafter until fully paid; and it is further

5.      ORDERED, that all counterfeit Louis Vuitton, Chanel and Prada garments, apparel, bags, purses, luggage, leather goods, jewelry, accessories, labels, packages, signs, advertisements, and any cash, money, currency or records, and any other items previously seized by U.S. Marshals or other peace officers of the territory of Guam from defendant shall be released to plaintiffs' counsel for disposition, and defendant waives any right he may have to any bond posted by plaintiffs and said bond may be released to plaintiffs or their counsel; and it is further

6.      ORDERED, that the file, records, pleadings and all documents in this action shall be unsealed immediately; and it is further

7.      ORDERED, that the parties shall execute a mutual release document upon final payment of the amount referenced in paragraph 4, above; and it is further

8.      ORDERED, that this Court shall have continuing jurisdiction to enforce this Judgment, the injunction therein, and any agreement between the parties with respect thereto existing as of the date hereof; and

9.      IT IS FINALLY ORDERED, that this Order does not constitute a release of

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Louis Vuitton Malletier et al. v. Hana Trade Corporation et al.                                    6
Civil Action No. CV03-00013
*Consent Judgment and Permanent Injunction Against Defendant Edward Pak aka Vendor Doe V dba Fashion City*

defendant.

**FAILURE TO ABIDE BY THIS JUDGMENT AND THE TERMS CONTAINED HEREIN SHALL CONSTITUTE CONTEMPT OF COURT, PUNISHABLE AFTER HEARING AS PROVIDED BY LAW.**

Dated: _____JUL 2 1 2003_____

_____
**HONORABLE JOHN S. UNPINGCO**
Chief Judge, District Court of Guam

**CONSENTED TO** by Plaintiffs Louis Vuitton Malletier, Chanel, Inc. and Prada, SA.

**ARRIOLA, COWAN & ARRIOLA**
Counsel for Plaintiffs

Dated: _7/19/03_

By: _____
**JOAQUIN C. ARRIOLA, JR.**

**CONSENTED TO** by Defendant EDWARD P. PAK, aka Vendor Doe V, dba FASHION CITY.

Dated: _7/17/03_

_____
**EDWARD P. PAK**

Notice is hereby given that this document was entered on the docket on 7/22/03. No separate notice of entry on the docket will be issued by this Court.

Mary L. M. Moran
Clerk, District Court of Guam

By: _____  7/22/03
Deputy Clerk          Date

**RECEIVED**
JUL 1 7 2003
DISTRICT COURT OF GUAM
HAGATNA, GUAM

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910