ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, JR., ESQ.
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagatna, Guam 96910
Telephone: (671) 477-9730/33
Telecopier: (671) 477-9734

Counsel for Plaintiffs LOUIS VUITTON
MALLETIER, CHANEL, INC. and
PRADA, S.A.



### UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| LOUIS VUITTON MALLETIER and CHANEL, INC., and PRADA, S.A. | CIVIL CASE NO. 03-00013 |
| Plaintiffs, | |
| vs. | |
| HANA TRADE CORPORATION dba HONOLULU GIFT SHOP aka U.S.A. T-SHIRTS AND GIFT ITEMS, VENDOR DOE II aka SU KIM, VENDOR DOE III aka KIM CHOL KUN dba ANGELUS, VENDOR DOE IV aka LISA THAI CHU dba LISA'S, VENDOR DOE V aka EDWARD P. PAK, dba FASHION CITY, VENDOR DOE VI aka CONNIE C. IMBUIDO, dba CORALYN'S VARIETIES, VENDOR DOE VII aka ANGIE D. WOLFORD dba TRINITY'S VARIETIES and DOES I THROUGH XX, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT HANA TRADE CORPORATION** |
| Defendants. | |

1

ORIGINAL

Louis Vuitton Malletier et al. v. Hana Trade Corporation et al. 2
Civil Case No. CV03-00013
*Memorandum of Points and Authorities In Support of Motion for Default Judgment Against Defendant Hana Trade Corporation*

## Statement of the Case

Plaintiffs filed their Verified Complaint herein on May 5, 2003. This was served on Defendant HANA TRADE CORPORATION on May 19, 2003. Plaintiffs filed their Verified First Amended Complaint herein on June 23, 2003. A Summons and Verified First Amended Complaint were served on Defendant HANA TRADE CORPORATION on July 8, 2003. On August 1, 2003, Plaintiffs filed their Affidavit and Application for Entry of Default against Defendant HANA TRADE CORPORATION. Entry of Default was made by the Clerk of Court on August 4, 2003. Defendant HANA TRADE CORPORATION has failed to answer or defend.

## Argument

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides:

(b) **Judgment**. Judgment by default may be entered as follows:

....

(2) **By the Court**. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Louis Vuitton Malletier et al. v. Hana Trade Corporation et al. 3
Civil Case No. CV03-00013
*Memorandum of Points and Authorities In Support of Motion for Default Judgment Against Defendant Hana Trade Corporation*

In their Verified First Amended Complaint Prayer for Relief, the Plaintiffs requested the following:

A. Preliminarily and permanently enjoining and restraining defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all those in active concert or participation with them, from:

(1) counterfeiting, imitating, copying, or making unauthorized use of "LOUIS VUITTON", the "LV" design, "CHANEL", the "$\mathcal{C}$" design, "PRADA", the PRADA logos or designs, or any of LOUIS VUITTON's, CHANEL's or PRADA's registered or licensed trademarks;

(2) manufacturing, producing, printing, distributing, importing, trafficking in, selling, offering for sale, advertising, promoting or displaying any merchandise of whatever nature or type, including but not limited to, apparel, luggage, handbags, purses, leather goods, belts, keycases, jewelry, accessories or any other items bearing any simulation, reproduction, counterfeit, copy or colorable imitation of "LOUIS VUITTON", the "LV" design, "CHANEL", the "$\mathcal{C}$" design, "PRADA", the PRADA logos or designs, or any of LOUIS VUITTON's, CHANEL's, or PRADA's registered or licensed trademarks;

(3) using any simulation, reproduction, counterfeit, copy or colorable imitation of "LOUIS VUITTON", the "LV" design, "CHANEL", the "$\mathcal{C}$" design, "PRADA", the PRADA logos or designs, or any of LOUIS VUITTON's, CHANEL's or PRADA's registered or licensed trademarks or trade dress in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, printing, importation, production, circulation or distribution of any product, in such fashion as to relate or connect such product in any way to LOUIS VUITTON, CHANEL, or PRADA or to any goods sold, manufactured, sponsored or approved by, or connected with LOUIS VUITTON, CHANEL or PRADA;

(4) making any statement or representation whatsoever, or using any false designation of origin or false description or representation, or performing any act, which can, or is likely to, lead the trade or public, or individual members thereof, to believe that any products manufactured,

Louis Vuitton Malletier et al. v. Hana Trade Corporation et al.　　　　4
Civil Case No. CV03-00013
*Memorandum of Points and Authorities In Support of Motion for Default Judgment Against Defendant Hana Trade Corporation*

printed, distributed or sold by defendants, or that defendants or defendants' stores, are in any manner associated or connected with LOUIS VUITTON, CHANEL or PRADA, or any goods of defendants are sold, manufactured, licensed, sponsored, approved or authorized by LOUIS VUITTON, CHANEL or PRADA; and

(5) engaging in any other activity constituting unfair competition with LOUIS VUITTON, CHANEL or PRADA, or constituting an infringement of any of LOUIS VUITTON's, CHANEL's or PRADA's trademarks, or of LOUIS VUITTON's, CHANEL's or PRADA's rights in, or to use or to exploit, LOUIS VUITTON's, CHANEL's or PRADA's trademarks, or the trade dress of LOUIS VUITTON's, CHANEL's or PRADA's products, or constituting any damage to LOUIS VUITTON's, CHANEL's or PRADA's name, trademarks, reputation or goodwill.

B. Directing that defendants deliver for destruction all products, merchandise, goods, labels, signs, prints, packages, dies, wrappers, parts, hardware, artwork or apparatus, receptacles and advertisements in their possession, or under their control, bearing the registered trademarks or the word, term, name, symbol, device, designation or representation of LOUIS VUITTON, CHANEL or PRADA or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same.

C. Imposing a constructive trust over Defendants' profits and requiring Defendants to account for and pay over to LOUIS VUITTON, CHANEL, or PRADA, respectively, all profits realized by them from their infringement and injury to the value of LOUIS VUITTON, CHANEL or PRADA trademarks and their unfair competition with LOUIS VUITTON, CHANEL or PRADA;

D. Awarding judgment to plaintiffs for plaintiffs' damages or defendants' profits, whichever are greater, arising from defendants' trademark infringement, trademark counterfeiting, false designation of origin, and unfair competition, such damages to be trebled in view of the willfulness of defendants' acts in duplicating plaintiffs' tradename and the LOUIS VUITTON, CHANEL or PRADA Trademarks and/or selling defendants' products with the express or implied representation through the use of

Louis Vuitton Malletier et al. v. Hana Trade Corporation et al.    5
Civil Case No. CV03-00013
*Memorandum of Points and Authorities In Support of Motion for Default Judgment Against Defendant Hana Trade Corporation*

plaintiffs' trade dress and trademarks that defendants' products emanate from or are associated with plaintiffs; or, alternatively, that the Court award statutory damages pursuant to 15 U.S.C. § 1117(c);

E.  Awarding plaintiffs exemplary and punitive damages as allowed by law;

F.  Awarding plaintiffs their costs of suit incurred herein;

G.  Awarding plaintiffs reasonable attorney's fees and expenses incurred in this action;

H.  Awarding plaintiffs prejudgment interest as authorized by 15 U.S.C. § 1117(b) and applicable law; and

I.  Granting plaintiffs such other and further relief as this Court deems to be reasonable, necessary and just.

Because Plaintiffs seek permanent injunctive relief and a determination of damages under Rule 55 (a) and (b) of the Federal Rules of Civil Procedure, they have filed the instant motion for a default judgment by the Court. Plaintiffs seek a permanent injunction under the terms outlined in the prayer for relief, cited as paragraphs A(1) through (5) above. Additionally, Plaintiffs seek a Judgment which includes a provision for the destruction of all items seized.

Plaintiffs also seek a determination of damages. In their prayer for relief, Plaintiffs sought damages or defendants' profits, whichever are greater, arising from defendants' trademark infringement, with such damages to be trebled in view of the willfulness of defendants' acts in duplicating plaintiffs' tradename. Alternatively, Plaintiffs sought statutory damages pursuant to 15 U.S.C. § 1117(c). The determination of damages is set forth at 15 U.S.C. §1117, which provides:

Louis Vuitton Malletier et al. v. Hana Trade Corporation et al.  6
Civil Case No. CV03-00013
*Memorandum of Points and Authorities In Support of Motion for Default Judgment Against Defendant Hana Trade Corporation*

Section 1117. **Recovery for violation of rights**.

**(a) Profits; damages and costs; attorney fees**.

When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a), (c), or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

**(b) Treble damages for use of counterfeit mark**

In assessing damages under subsection (a) of this section, the court shall, unless the court finds extenuating circumstances, enter judgment for three times such profits or damages, whichever is greater, together with a reasonable attorney's fee, in the case of any violation of section 1114(1)(a) of this title or section 220506 of title 36 that consists of intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark (as defined in section 1116(d) of this title), in connection with the sale, offering for

Louis Vuitton Malletier et al. v. Hana Trade Corporation et al. 7
Civil Case No. CV03-00013
*Memorandum of Points and Authorities In Support of Motion for Default Judgment Against Defendant Hana Trade Corporation*

sale, or distribution of goods or services. In such cases, the court may in its discretion award prejudgment interest on such amount at an annual interest rate established under section 6621 of title 26, commencing on the date of the service of the claimant's pleadings setting forth the claim for such entry and ending on the date such entry is made, or for such shorter time as the court deems appropriate

**(c) Statutory damages for use of counterfeit marks.**

In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of - (1) *not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or (2) if the court finds that the use of the counterfeit mark was willful, not more than $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.* (d) Statutory damages for violation of section 1125(d)(1) In a case involving a violation of section 1125(d)(1) of this title, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just. (Emphasis added).

On May 29, 2003, Plaintiffs executed the Temporary Restraining Order and Seizure Order on Defendant HANA TRADE CORPORATION. As a result, approximately 796 counterfeit items were seized, all containing the various trademarks of the three Plaintiffs. Copies of the Seized

Louis Vuitton Malletier et al. v. Hana Trade Corporation et al.   8
Civil Case No. CV03-00013
*Memorandum of Points and Authorities In Support of Motion for Default Judgment Against Defendant Hana Trade Corporation*

Property and Evidence Control forms from this seizure are attached as Exhibit A to the Declaration of Joaquin Arriola Jr. submitted herewith in support of this motion. Counterfeit Louis Vuitton items seized include assorted sizes of handbags, wallets, checkbooks, suitcase, cigarette cases, planners, address books, boxes and felt covers, watches, cases, cosmetic bags, backpacks, sandals, hair clips, cellular phone traps, key chains, padlocks and belts. Counterfeit Chanel items seized include belts, shirts, scarves, hats, wallets, assorted sizes of handbags, bracelets, necklaces, watches, hair clips, sunglasses, earrings, pins, cellular phone straps, boxes, and outfits. Counterfeit Prada items seized include assorted sizes of handbags, keychains, wallets, scarves, cellular phone straps, bags, and shirts. Copies of photos of the store being operated by Defendant HANA TRADE are attached as Exhibit B to the Arriola Declaration. In short, Defendant operated a backroom boutique selling hundreds of items of counterfeit merchandise. Notably, this Defendant is located in the same building, same unit as the defendant in *Louis Vuitton and Chanel v. Q&Q Productions, dba Pro World*, CV00-0069. This is all evidence of the willful nature of Defendant's actions.

Plaintiffs submit that under 15 U.S.C. 1117(c) above, they are entitled to statutory damages of not less than $500 or more than $100,000 per counterfeit mark per type of goods. Furthermore, if the court finds that the use of the counterfeit mark was willful, Plaintiffs are entitled to not more than $1,000,000 per counterfeit mark per type of goods.

Exhibits A through X of the Verified Complaint herein are the nineteen (19) various trademarks of the Plaintiffs sought to be protected in their Verified Complaint herein. All of the

Louis Vuitton Malletier et al. v. Hana Trade Corporation et al.　　　　　　　　　　　　　　9
Civil Case No. CV03-00013
*Memorandum of Points and Authorities In Support of Motion for Default Judgment Against Defendant Hana Trade Corporation*

marks are found in the counterfeit items seized from Defendant HANA TRADE CORPORATION. Additionally, 796 items were seized. While Section 1117(c) does not define "type of goods" a plain reading of the statute reveals that the phrase should be read in conjunction with the phrase "per counterfeit mark." Thus, in this case there are 19 counterfeit marks, and at least 4 "types of goods," namely, handbags (large bags, backpacks, clutches, purses), small leather items (wallets, checkbooks, keychains, cigarette cases, planners), jewelry (necklaces, watches, earrings, bracelets) and clothing (shirts, scarves, outfits). At a minimum, this amounts to $500 x 19 x 4 = $38,000.00. Because Defendant's conduct was wilful, the statutory damages could amount to $76 million ($1 million x 19 x 4).

The Court should also take into consideration Plaintiffs' costs and fees incurred in the prosecution of this case. To date, over $20,000.00 has been expended in fees and over $6,000.00 has been expended in costs. Most of the costs include the fees for the U.S. Marshal Service executing the various Seizure Orders and service of the pleadings herein.

Plaintiffs submit that statutory damages in the amount of $300,000.00 should be awarded. This amounts to $100,000 to each Plaintiff for the unlawful trafficking of at least one (1) of each of their various trademarks. This is a fair, reasonable sum in light of the quantity of counterfeit items and marks seized. Under Section 1117(c) above, the Defendant's conduct need not be wilful for the court to award the maximum of $100,000 for one mark per each Plaintiff.

Nonetheless, Plaintiffs submit that the wilful nature of defendant's conduct is evident in this

Louis Vuitton Malletier et al. v. Hana Trade Corporation et al. 10
Civil Case No. CV03-00013
*Memorandum of Points and Authorities In Support of Motion for Default Judgment Against Defendant Hana Trade Corporation*

case. As noted in *Louis Vuitton Malletier and Oakley Inc. v. Christopher Veit, et al.*, 211 F.Supp.2d 567, courts have wide discretion to compensate plaintiffs as well as to deter and punish defendants under the statutory damages provision of Section 1117(c). In that case, on a motion for default judgment, the District Court awarded statutory damages of $1 million for the six Louis Vuitton marks and $500,000 for the two Oakley marks to "ensure the dual objectives of compensating Plaintiffs and deterring Defendants." Id., at 585. The Court had found that the Defendants, via their internet website, were trafficking in at least eight of the marks. The decision in *Louis Vuitton Malletier and Oakley Inc. v. Christopher Veit, et al.*, 211 F.Supp.2d at 583- 584, goes on to cite a number of cases wherein the trial courts have awarded significant statutory damages.

In this case, there are nineteen (19) marks at issue. There were 796 items seized, and at least four different "types of goods." Statutory damages in the total amount of $300,000.00, reflecting Defendant's unlawful trafficking in at least one (1) mark of each of the three (3) plaintiffs, in light of all the above, is appropriate and warranted.

Dated at Hagatna, Guam: August 6, 2003.

ARRIOLA, COWAN & ARRIOLA

_____
JOAQUIN C. ARRIOLA, JR.