ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, JR., ESQ.
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagatna, Guam 96910
Telephone:  (671) 477-9730/33
Telecopier:  (671) 477-9734

Counsel for Plaintiffs LOUIS VUITTON
MALLETIER, CHANEL, INC. and
PRADA, S.A.



FILED
DISTRICT COURT OF GUAM
SEP 2 6 2003
MARY L. M. MORAN
CLERK OF COURT

63

UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| LOUIS VUITTON MALLETIER and CHANEL, INC., and PRADA, S.A. <br><br> Plaintiffs, <br><br> vs. <br><br> HANA TRADE CORPORATION dba HONOLULU GIFT SHOP aka U.S.A. T-SHIRTS AND GIFT ITEMS, VENDOR DOE II aka SU KIM, VENDOR DOE III aka KIM CHOL KUN dba ANGELUS, VENDOR DOE IV aka LISA CHU THAI, dba LISA'S, VENDOR DOE V aka EDWARD P. PAK, dba FASHION CITY, VENDOR DOE VI aka CONNIE C. IMBUIDO, dba CORALYN'S VARIETIES, VENDOR DOE VII aka ANGIE D. WOLFORD dba TRINITY'S VARIETIES and DOES I THROUGH XX, <br><br> Defendants. | CIVIL CASE NO. 03-00013 <br><br> **SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AND STATUTORY DAMAGES AGAINST DEFENDANT HANA TRADE CORPORATION** |

COMES NOW the Plaintiffs, through their undersigned counsel of record, and files

this Supplemental Memorandum in support of its Motion for Default Judgment and for

**ORIGINAL**

Statutory Damages pursuant to the Lanham Act, 15 U.S.C. §1117(c) against Defendant HANA TRADE CORPORATION.

On August 1, 2003, the Plaintiffs' filed their Affidavit and Application for entry of default judgment against Defendant HANA TRADE CORPORATION. On August 4, 2003, Entry of Default was made by the Clerk of Court. On August 6, 2003, the Plaintiff's filed their memorandum in support of their Motion for Default Judgment against Defendant HANA TRADE CORPORATION and requested that the Court grant statutory damages in the amount of three hundred thousand dollars ($300,000.00), which amounts to one hundred thousand dollars ($100,000.00) in damages to each Plaintiff for one mark for each Plaintiff. Although the Plaintiffs are entitled to seek damages for each of the seven hundred ninety-six (796) marks or items seized, Plaintiffs alternatively seek statutory damages under 15 U.S.C. §1117(c).

15 U.S.C. §1117(c) provides:

**Statutory damages for use of counterfeit marks**. In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of - (1) *not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or (2) if the court finds that the use of the counterfeit mark was willful, not more than $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.* (d) Statutory damages for violation of section 1125(d)(1) In a case involving a violation of section 1125(d)(1) of this title, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000 and not more

than $100,000 per domain name, as the court considers just. (Emphasis added).

The provisions of §1117(c) permit a plaintiff to "elect" to recover damages under the statutory damages scheme, rather than the actual damages provision provided in §1117(a) and (b). *Council of Better Business Bureaus, Inc. v. Bailey & Associates, Inc.*, 197 F.Supp.2d 1197, 1223 (D.Mo., 2002). §1117(c) is an alternative to the compensatory and punitive damages granted under §1117(a) and (b).

*Sara Lee Corp. v. Bags of N.Y., Inc.*, 36 F.Supp.2d 161, 164-65 (S.D.N.Y.1999)

There is no requirement under §1117 that the Plaintiffs prove actual damages. In fact, statutory damages is appropriate without any proof of actual damage. *Id.* citing *Playboy Enter., Inc. v. Universal Tel-A-Talk, Inc., et al.*, No. Civ. A. 96-6961, 1998 WL 767440, at *8 (D.Pa.,1998). Because § 1117(c) "omits the strict limits on compensatory and punitive relief" provided in §1117(a) and (b)," "'there is no necessary mathematical relationship between the size of such an award and the extent or profitability of the defendant's wrongful activities.'" *Sara Lee Corp., supra.* citing *Gucci Am., Inc., et al. v. Gold Ctr. Jewelry, et al.*, 997 F.Supp. 399, 404 (S.D.N.Y.), modified on other grounds, 997 F.Supp. 409 (S.D.N.Y.), rev'd on other grounds,158 F.3d 631 (2d Cir.1998).

In *Playboy Enter., Inc.*, the defendants did not have any profits and there was no proof of actual damages. Nonetheless, the court awarded the plaintiff statutory damages for the infringement of the "Playboy" trademark. *Playboy Enter., Inc., supra.*, 1998 WL 767440 at 8. Similarly, in *Council of Better Business Bureaus, Inc. v. Bailey & Associates, Inc.*, there

was no proof of actual damages because the owners of the trademark "BBB" are a nonprofit corporation and its actual losses were not quantifiable. The court held that statutory damages were appropriate under §1117(c). The court further held that the fact that defendants did not sell or try to sell the counterfeit BBB reports was immaterial because the defendants distributed and used the BBB mark in connection with sales and offers to sell. *Council of Better Business Bureaus, Inc. v. Bailey & Associates, Inc., supra.*, 197 F.Supp.2d at 1223.

Additionally in *Louis Vuitton Malletier and Oakley Inc. v. Christopher Veit, et al.*, there was no evidence of the defendant's profits or the plaintiff's losses. 211 F.Supp.2d 567, 584 (D. Pa., 2002). Nonetheless, the court held that statutory damages of one million dollars ($1,000,000.00) for six Louis Vuitton marks, and five hundred thousand dollars ($500,000.00) for two Oakley marks ". . . ensures the dual objectives of compensating Plaintiffs and deterring Defendants." Id.

Without any evidence of Defendant HANA TRADE CORPORATION'S profits as a result of Defendant's infringement, Plaintiffs seek statutory damages in the amount of three hundred thousand dollars ($300,000.00), pursuant to 15 U.S.C. §1117(c). The damages represent an award of one hundred thousand dollars ($100,000.00) to each Plaintiff for one mark each. Although Plaintiffs may also seek damages in excess of $1,000,000.00 based on the "willfulness" of the Defendant's infringement, Plaintiffs are not seeking $76 million in damages. 15 U.S.C. §1117(c)(2). Likewise, although the Plaintiffs may also seek damages for all 19 marks at issue, Plaintiffs only seeks damages for three of the marks. Plaintiffs elect

to seek statutory damages in the amount of $300,000.00.

The Plaintiffs are not seeking attorney's fees in addition to the statutory damages. However, in determining the range of statutory damages, i.e. minimum versus maximum penalty, the Plaintiffs submit that through the date of the hearing on Plaintiffs motion for default judgment, it has incurred attorney's fees in the amount of $22,107.27, U.S. Marshal service fees in the amount of $4,292.22, and other costs in the amount of $2,360.75 Decl. J. Arriola. Because the purpose of §1117(c) is intended to be both compensatory and punitive, Plaintiffs offer the total costs and attorney's fees as a base for assisting the court in determining the statutory damages for the purpose of keeping within the "dual objectives" of §1117(c). See Sara Lee Corp. v. Bags of N.Y., Inc., supra.

## CONCLUSION

Based on the foregoing, the Plaintiffs request that the Court enter Default Judgment against Defendant HANA TRADE CORPORATION and determine statutory damages pursuant to 15 U.S.C. §1117(c). Plaintiffs further request that the Court award Plaintiffs $300,000.00 in statutory damages representing $100,00.00 to each Plaintiff for the Defendant's unlawful trafficking for at least one mark for each of the three Plaintiffs.

Dated at Hagatna, Guam: September 26, 2003.

ARRIOLA, COWAN & ARRIOLA

_____
JOAQUIN C. ARRIOLA, JR.