ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, JR., ESQ.
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagatna, Guam 96910
Telephone:    (671) 477-9730/33
Telecopier:    (671) 477-9734

**FILED**
DISTRICT COURT OF GUAM

OCT 17 2003

MARY L. M. MORAN
CLERK OF COURT

Counsel for Plaintiffs LOUIS VUITTON
MALLETIER, CHANEL, INC. and
PRADA, S.A.

## UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| LOUIS VUITTON MALLETIER and CHANEL, INC., and PRADA, S.A. ) | CIVIL CASE NO. 03-00013 |
| Plaintiffs, ) | |
| vs. ) | |
| HANA TRADE CORPORATION dba HONOLULU GIFT SHOP aka U.S.A. T-SHIRTS AND GIFT ITEMS, VENDOR DOE II aka SU KIM, VENDOR DOE III, KIM CHOL KUN dba ANGELUS, VENDOR DOE IV dba LISA'S, EDWARD P. PAK, aka VENDOR DOE V dba FASHION CITY, CONNIE C. IMBUIDO, aka VENDOR DOE VI dba CORALYN'S VARIETIES, ANGIE D. WOLFORD aka VENDOR DOE VII dba TRINITY'S VARIETIES and DOES I THROUGH XX, ) | **DEFAULT JUDGMENT AGAINST DEFENDANT HANA TRADE CORPORATION** |
| Defendants. ) | |

The above-captioned matter came before the Court on September 19, 2003 on

Plaintiff's Motion for Default Judgment against Defendant HANA TRADE CORPORATION

dba HONOLULU GIFT SHOP aka USA T- SHIRTS and GIFT ITEMS.    Plaintiffs were

represented by Joaquin C. Arriola, Jr., Esq. Defendant, having been served with a copy of the Notice of Hearing and Motion for Default Judgment, did not appear.

THE COURT FINDS:

1. The Defendant HANA TRADE CORPORATION dba HONOLULU GIFT SHOP aka U.S.A. T-SHIRTS and GIFTS was served with a Verified First Amended Complaint and Summons, and has failed to plead or otherwise defend, the legal time for pleading or otherwise defending having expired, and the default of the said HANA TRADE CORPORATION dba HONOLULU GIFT SHOP aka U.S.A. T-SHIRTS and GIFTS was duly entered according to law on August 4, 2003;

2. The Defendant HANA TRADE CORPORATION dba HONOLULU GIFT SHOP aka U.S.A. T-SHIRTS and GIFTS is not an infant or incompetent person, and is not in the military service of the United States;

3. The Defendant HANA TRADE CORPORATION dba HONOLULU GIFT SHOP aka U.S.A. T-SHIRTS and GIFTS was served with a Notice of Hearing Plaintiffs' Motion for Default Judgment and failed to appear;

4. The Plaintiffs have requested a default judgment requesting injunctive relief and damages pursuant to 15 U.S.C. § 1117(c), and that the said relief requested is fair and reasonable and should be granted;

5. On May 29, 2003, Plaintiffs executed the Temporary Restraining Order and Seizure Order on Defendant HANA TRADE CORPORATION. As a result, approximately 796 counterfeit items were seized, all containing the various trademarks of the three Plaintiffs. At least one (1) trademark of each of the three Plaintiffs was being sold, offered for sale or distributed by Defendant HANA TRADE CORPORATION.

**WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. Defendant HANA TRADE CORPORATION dba HONOLULU GIFT SHOP aka U.S.A. T-SHIRTS and GIFTS, and its representatives, agents, servants, employees, and all persons or entities acting in concert or participation with defendant, are permanently enjoined and restrained from in any manner:

a. Using Plaintiffs' Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Trademarks in connection with the printing,

manufacturing, advertising, embroidering, offering for sale, sale or distribution of purses, handbags, accessories, wallets, keyholders, belts, jewelry, shoes, garments, cosmetics, packaging materials, or any other items;

b. Using Plaintiffs' Trademarks or any colorable imitation of Plaintiffs' Trademarks in any manner likely to cause confusion, mistake or deception as to the identity or source of any item;

c. Passing off, inducing or enabling others to sell or pass off any items which are not genuine Louis Vuitton, Chanel and Prada products as and for genuine Louis Vuitton, Chanel and Prada products;

d. Committing any acts calculated to cause others to believe that defendant's products are genuine Louis Vuitton, Chanel or Prada products or that defendant is an authorized distributor, seller or retailer of Louis Vuitton, Chanel or Prada;

e. Offering for sale, selling, circulating, holding for sale, advertising, distributing, printing or manufacturing any items bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Trademarks;

f. Engaging in any other activity using Plaintiffs' Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Trademarks in a manner which is likely to cause others to falsely believe that defendant's products are connected with plaintiffs, or plaintiffs' products;

g. Transferring, importing, shipping, delivering, consigning, holding for sale, selling, distributing, moving, destroying or otherwise disposing of in any manner bags, purses, luggage, leather goods, jewelry, accessories, apparel, labels, heat transfers, screens, printed matter or any other items bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Trademarks;

h. Removing, destroying or otherwise disposing of any business records or documents not previously provided to plaintiffs' counsel relating in any way to the manufacture, printing, purchase, sale, distribution or advertisement of any items bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Trademarks; and

i. Assisting, aiding or abetting any other person or entity in engaging in or

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

performing any of the activities referred to in the above subparagraphs (a) through (h); and it is further

2.    ORDERED, that defendant shall place into the possession, custody and control of plaintiffs' counsel, at no cost to plaintiffs, to become the property of plaintiffs to do with as they wish within five (5) days from the date of this Order:

a.    All garments, apparel, bags, purses, luggage, leather goods, jewelry, accessories, labels, packages, signs, advertisements and any other items in defendant's possession, custody or control bearing any reproduction, simulation, counterfeit, copy or colorable imitation of Plaintiffs' Trademarks; and

b.    All artwork, plates, molds, matrices, printing devices, screens, heat transfers or other means of making any simulations, reproductions, counterfeits or copies of Plaintiffs' Trademarks in defendant's possession, custody or control; and it is further

3.    ORDERED, that defendant shall place into the custody, possession and control of plaintiffs' counsel, within ten (10) days thereof, at no cost to plaintiffs, all items which hereafter come into defendant's possession, custody or control which bear simulations, reproductions, counterfeits or copies of Plaintiffs' Trademarks; and it is further

4.    ORDERED, that Defendant HANA TRADE CORPORATION dba HONOLULU GIFT SHOP aka U.S.A. T-SHIRTS and GIFTS shall pay as damages to plaintiffs, through their counsel of record, Arriola, Cowan & Arriola, 259 Martyr Street, Suite 201, Hagatna, Guam 96910, the sum of _____ DOLLARS AND NO CENTS  ($_____) with interest at the rate of six percent (6%) per annum.  This sum represents statutory damages due Plaintiffs in the amount of $_____ to each of the Plaintiffs per counterfeit mark per type of goods sold, offered for sale, or distributed by Defendant HANA TRADE CORPORATION, as authorized by 15 U.S.C. 1117(c); and it is further

5.    ORDERED, that all counterfeit Louis Vuitton, Chanel and Prada garments, apparel, bags, purses, luggage, leather goods, jewelry, accessories, labels, packages, signs, advertisements, and any cash, money currency or records, and any other items previously seized by U.S. Marshals or other peace officers of the territory of Guam from defendant shall be released to plaintiffs' counsel for disposition, and any bond posted by plaintiffs shall be

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

released to plaintiffs or their counsel; and it is further

6.   ORDERED, that the file, records, pleadings and all documents in this action shall be unsealed immediately; and it is further

7.   ORDERED, that this Court shall have continuing jurisdiction to enforce this Judgment, the injunction therein, and any agreement between the parties with respect thereto existing as of the date hereof; and

8.   IT IS FINALLY ORDERED, that this Order does not constitute a release of defendant.

**FAILURE TO ABIDE BY THIS JUDGMENT AND THE TERMS CONTAINED HEREIN SHALL CONSTITUTE CONTEMPT OF COURT, PUNISHABLE AFTER HEARING AS PROVIDED BY LAW.**

Dated:   OCT 17 2003

**HONORABLE JOHN S. UNPINGCO**
**Chief Judge, District Court of Guam**

RECEIVED
SEP 2 9 2003
DISTRICT COURT OF GUAM
HAGATNA, GUAM

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910